# THE CITY OF CHICAGO

*v.*

# E. A. CUMMINGS *et al.*

*Filed at Ottawa, January 19, 1893.*

1. SPECIAL ASSESSMENT — *paving street — street railway — benefits assessed to abutting property.* By ordinance of a city a street railway company was required to pave its right of way, being sixteen feet, along a street. By another ordinance the paving of the street its entire width was required, and the commissioners appointed for that purpose reported that they had made an estimate of the cost of such improvement: *Held,* that the cost of paving the center sixteen feet of the street was wrongfully included in the estimate of the cost of the improvement to be charged upon the property benefited, and that judgment of confirmation of the assessment roll was properly denied.

2. In such case the ordinance for the improvement of the entire street is not void, if so much was required for the public convenience; but the city having required the street railway company to "fill, grade, pave and keep in repair during all the time," it has the privilege of using the street, sixteen feet in width, when a double track is used, "in accordance with such ordinance as the city council may pass respecting such filling, grading, paving or repairing," and requiring the same to be done by the railway company with like material, in like manner, and at the time as required in respect of the rest of the street, the cost of paving so much of the street should have been excluded from the estimate.

APPEAL from the County Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

Mr. CHARLES C. GILBERT and Mr. JOHN S. MILLER, for the appellant.

Mr. RICHARD PRENDERGAST, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The common council of the city of Chicago passed an ordinance for the curbing, grading and paving of West Lake street in said city, from Homan avenue to Crawford avenue; the cost thereof to be paid by special assessment, to be levied upon the property benefited thereby, to the amount the same may be legally assessed therefor, and the remainder of such cost to be paid by general taxation in accordance with article 9 of the Cities and Villages act.

Objection is made, that the nature and character of the improvement are not sufficiently specified in the ordinance, which we do not deem important in this case to determine. It was shown that the middle sixteen feet of the street was occupied by the Chicago West Division Railway Company with double tracks. An ordinance was introduced in evidence, on the hearing for the confirmation of the assessment roll, making it the duty of said railway company to grade, pave, and keep in repair that portion of the street occupied by it. It was also shown that the street was of the width of eighty feet, and another ordinance of the city was introduced in evidence, prescribing the width of sidewalks upon each side of streets of that width, at eight (8) feet, and thereby establishing the width of the street between curbstones at sixty-four feet.

The ordinance requiring the paving, as before mentioned, is wholly silent in respect of the occupancy of said street by said railway company, simply requiring that the street be paved its entire width between the points named, and designating the

materials to be used and the manner of constructing the improvement.

Commissioners were appointed by the city council to estimate the cost of the improvement, who reported the same at $27,328.28. The commissioners report the entire cost of making said improvement as contemplated in the ordinance, and there is, therein, no exclusion of the sixteen feet in the center of the street occupied by the railway company. The report of commissioners having been approved, a petition was filed in the County Court, under the statute, and commissioners appointed to assess the cost of making said improvement, and apportioning the same according to benefits upon property benefited thereby, etc.

Said commissioners made and filed an assessment roll, in which the entire cost of said improvement is assessed against lots and tracts of land so far as they were found to be benefited, and the balance of the cost apportioned to the city to be paid by general taxation. It thus appears that the railway company was relieved of paying any portion of the cost of said improvement, and the whole thereof assessed against adjacent property owners, or to the city to be paid from its general revenues. If the ordinance providing that the railway company shall grade, pave, and keep in repair the portion of the street occupied by it, is valid, then only so much of the cost of grading, curbing and paving the street outside of the sixteen feet occupied by the railway, should have been assessed against the property benefited, or required to be paid by general taxation. The validity of said ordinance is not questioned in this proceeding. We understand it to be admitted by counsel for the city, that it was intended to exclude from the assessment, the cost of paving that portion of the street occupied by the railway, and it is urged that the commissioners making the estimate, being officers of the city council, must be presumed to have known of the ordinance requiring the railway to pave the center sixteen feet, and it must, therefore, be

further presumed, that they did in fact exclude such portion of the cost from their estimate. No such presumption can be indulged upon this record. As already seen, the ordinance requires the paving of the street its entire width, and the commissioners report that they have made an estimate of the cost of *such* improvement. It is manifest, therefore, that the cost of paving the center sixteen feet of the street, was wrongfully included in the estimate of the cost of the improvement, to be charged upon the property benefited, and the court correctly ruled, in denying judgment of confirmation of the assessment roll, for that reason.

It does not follow, as seems to be supposed, that the ordinance providing for the improvement is, therefore, void. It properly required the improvement of the entire street, if, in the opinion of the municipality, so much was required or necessary to the public convenience, but the city having required the railway company " to fill, grade, pave and keep in repair during all the time," it has the privilege of using said streets, sixteen feet in width, where a double track is used, etc., " in accordance with such ordinance as the city council may pass respecting such filling, grading, paving or repairing," and requiring the same to be done by the railway company with like material, in like manner, and at the time it is required in respect of the rest of the street, etc., the cost of paving so much of said street should have been excluded from the estimate. Taking this view of the case, it is unnecessary for us to discuss or determine the further objection, that there was no assessment of benefits to the railway property in the street. There is no evidence tending to show that the expense of paving the sixteen feet, would not be a fair and adequate apportionment of cost according to benefits accruing to the property of the railway in the street by the improvement. Or, in other words, it does not appear that the benefits to the railway property, would exceed the cost of paving said sixteen feet. If it would not, and the railway company was required

29—144 ILL.

to pave that portion, it is clear that no additional burden would be cast upon the property benefited, by requiring it to bear the cost, so far as benefited, of the residue of the improvement. See *Kuehner* v. *Freeport*, 143 Ill. 92; *Chicago* v. *Baer*, 41 id. 306; *Railway Co.* v. *Chicago*, 90 id. 573; *Parmelee* v. *Chicago*, 60 id. 267.

The judgment of the County Court, refusing confirmation of the assessment roll, as against objector's property, will be affirmed.

*Judgment affirmed.*