# H. H. WALKER

*v.*

## THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa April 3, 1897.*

1. SPECIAL ASSESSMENTS—*when ordinance sufficiently describes the improvement.* An ordinance for a sewer which specifies a certain number, each, of man-holes and catch-basins, their dimensions, materials, manner of construction, etc., is not invalid for insufficient description of the improvement, though the points for the man-holes and catch-basins are not designated.

2. TAXES—*what makes a prima facie case on application for judgment of sale.* The county collector's sworn report of the list of delinquent lands, together with proof of publication thereof and notice of application, makes a *prima facie* case on application for judgment of sale for delinquent taxes.

3. EVIDENCE—*what will not overcome collector's prima facie case.* The failure of the docket entries in the county court record to show the particular date when an assessment roll and judgment were certified to the city collector, does not establish that the land was not delinquent or overcome the collector's *prima facie* case.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

GEORGE H. TAYLOR, for appellant.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is an appeal from a judgment of sale entered in the county court of Cook county against certain land of appellant for a delinquent special assessment levied by the city of Chicago. The assessment was for the construction of a sewer.

Two grounds are urged for the reversal of the judgment. The first is, that the ordinance upon which the assessment is based is invalid because it does not comply with the statute requiring it to specify the nature, character, locality and description of the proposed improve-

ment. The objection is, that it does not point out with sufficient certainty the location of the man-holes and catch-basins.

The part of the ordinance referred to is as follows: "Six man-holes shall be built upon said sewer and located at necessary points, to be cylindrical in shape and have an internal diameter of three (3) feet, and resting on a foundation of three courses of sewer-brick, the walls of said man-holes to be eight inches thick, built of two courses of sewer-brick, laid edgewise in perpendicular courses. Six catch-basins shall be constructed, and connected and trapped with said sewer with nine-inch vitrified tile-pipe, and located at necessary points on the curb line of said street. Said catch-basins shall be seven (7) feet two (2) inches deep, to be four feet inside diameter on the bottom to a height of five (5) feet two (2) inches, and thence to narrow to two feet inside diameter at the top, the walls to be eight inches thick, built of two courses of sewer-brick, placed edgewise in perpendicular courses resting on a solid bottom of two-inch oak plank, strongly spiked to cross-planks firmly imbedded, and each basin and man-hole shall be provided with an iron cover with a tight lid, similar in each case to those now in use by the city of Chicago."

It is said that the ordinance should specify at what points the man-holes and catch-basins are to be placed,— that the designation "at necessary points" is too indefinite to meet the requirements of the statute. This precise question has been frequently before this court, and the rule laid down in the decisions is adverse to the contention here made by appellant. (*City of Springfield* v. *Mathus*, 124 Ill. 88; *Cochran* v. *Village of Park Ridge*, 138 id. 295; *Rich* v. *City of Chicago*, 152 id. 18; *Barber* v. *City of Chicago*, id. 37.) That the ordinance under consideration is not open to the objection made to it is manifest. The number each of man-holes and catch-basins, the dimensions, materials, etc., are specifically mentioned therein. This is sufficient

to enable the commissioners to make an intelligent estimate of their cost and the contractors to make intelligent bids for the work. This is the object of the provision of the statute in this regard, and all that is required. *City of Alton* v. *Middleton's Heirs,* 158 Ill. 442; *City of Kankakee* v. *Potter,* 119 id. 324; *Barber* v. *City of Chicago, supra.*

The second point urged is, that the fact of delinquency was not established, because it was not shown that the clerk of the court had certified the assessment roll and judgment to the city collector, as required by section 35 of article 9 of the City and Village act. Such proof was wholly unnecessary. The decisions of this court are to the effect, that under the statute the collector's sworn report of the list of delinquent lands, together with proof of publication thereof and notice of application, makes a *prima facie* case, and that judgment is to be entered thereon unless good cause is shown to the contrary. (*People* v. *Givens,* 123 Ill. 352, and authorities cited.) Here the collector's report, the proof of publication thereof and notice of application made a *prima facie* case, and the burden was upon appellant to show that the land was not properly returned as delinquent. For this purpose he introduced certain docket entries in the county court record, which proved nothing except that there was no date on the record to show when the assessment roll and judgment were certified to the city collector. This certainly did not prove that the land was not in fact delinquent when returned as such to the county collector, and did not, therefore, overcome the *prima facie* case.

There is no error in the record, and the judgment of the county court of Cook county will be affirmed.

*Judgment affirmed.*