## THE VILLAGE OF HINSDALE

*v.*

## EDITH H. SHANNON.

*Opinion filed October 25, 1899—Rehearing denied December 9, 1899.*

1. PUBLIC IMPROVEMENTS—*when sewer ordinance sufficiently locates catch-basins.* An ordinance for the construction of a sewer is not void for uncertainty in the location of the specified number of catch-basins provided for, where they are to be located on the curb lines of the street, at such points as the engineer shall direct.

2. SAME—*sewer ordinance need not describe imbedded stringers to which plank foundation for catch-basin is to be spiked.* The failure of an ordinance for the construction of a sewer to describe the imbedded stringers to which a plank upon which the catch-basins are to be built is to be spiked does not affect its validity.

3. SAME—*caption of sewer ordinance need not refer to matter of house connections.* The caption of an ordinance for the construction of a sewer need not state that the purpose of the ordinance is in part to provide for house connections with the sewer.

4. SAME—*one ordinance may provide for several unconnected sewers of same kind.* The construction of sewers may be provided for as a single improvement in one ordinance when they are to be made of the same material and in the same way, although they do not actually connect with each other.

5. SPECIAL ASSESSMENTS—*assessment is not necessarily void because first installment is over twenty-five per cent of total.* An assessment for a sewer is not necessarily void because its first installment contains more than twenty-five per cent of the total assessment, where the ordinance requires it to be divided into five installments, the first of which shall be, as near as may be, twenty per cent of the assessed amount, and include all fractional amounts, leaving the remaining installments equal in amount and multiples of $100.

6. COURTS—*Supreme Court takes judicial notice of names of county judges.* The Supreme Court will take judicial notice of who are the judges of the county courts of the State.

7. APPEALS AND ERRORS—*when bill of exceptions is good although signed by the successor of trial judge.* A bill of exceptions will not be stricken from the files although signed by the successor of the judge before whom the case was tried, when the motion to vacate the judgment and for a new trial was continued from term to term, until finally overruled by such successor.

APPEAL from the County Court of DuPage county; the Hon. JOHN H. BATTEN, Judge, presiding.

On the 19th day of June, 1895, the president and board of trustees of the village of Hinsdale passed an ordinance for the construction of a sewer in Third street, in said village. By the ordinance James A. Blood, C. A. Allen and Horace W. Cowles were appointed commissioners to make an estimate of the cost of said proposed improvement, including labor, material and all other expenses attending the same, and cost of making and levying the assessment therefor. The commissioners so appointed made a report in writing to the president and board of trustees, estimating the total cost of said improvement at the sum of $1775. This report was duly adopted and approved by the president and board of trustees of said village, and the president of said village was directed to file a petition in the county court of DuPage county, Illinois, for proceedings to assess the estimated cost of the improvement.

On the 29th day of June, 1895, appellant, by its president, filed its petition in said county court, reciting in said petition the ordinance for said improvement and the report of the said commissioners, and prayed that the said improvement might be assessed in the manner prescribed by law. Commissioners were appointed and qualified, who made and filed their assessment roll as required by law, together with affidavits of mailing and posting notices and certificates of publication. Appellee filed numerous objections, and by the judgment of the court one of said objections was specifically sustained, to-wit, that the first installment of the assessment contains more than twenty-five per cent of the total of said assessment, and the court added: "It is therefore ordered and adjudged by the court that the objections of Edith H. Shannon filed herein to the confirmation of the assessment be sustained and judgment of confirmation is refused,"—to which the petitioner excepted and prosecutes an appeal to this court.

LINUS C. RUTH, for appellant.

CHILDS & HUDSON, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

At the hearing of the legal objections it was contended that the ordinance was void because the location of the catch-basins is uncertain. The provision of the ordinance concerning the location of the catch-basins is as follows: "Eleven catch-basins shall be constructed and connected with the aforesaid sewer by nine-inch vitrified tile-pipe, each connection being provided with a trap. The basins shall be located on the curb lines of said street, at such points as the engineer in charge shall direct." Then follows a detailed description of the construction of said basins. In *Walker* v. *People*, 166 Ill. 96, it was said: "It is said that the ordinance should specify at what points the man-holes and catch-basins are to be placed,—that the designation 'at necessary points' is too indefinite to meet the requirements of the statute. This precise question has been frequently before this court, and the rule laid down in the decisions is adverse to the contention here made by appellant,"—and numerous authorities are there cited as sustaining that proposition. It was further said: "That the ordinance under consideration is not open to the objection made to it is manifest. The number, each, of man-holes and catch-basins, the dimension, materials, etc., are specifically mentioned therein. This is sufficient." The objection here made is not tenable.

It is further contended by appellee that the ordinance for the catch-basins, after giving the size, material and manner of construction, provides they shall be built upon a bottom of two-inch pine plank, firmly spiked to imbedded stringers; and it is urged that because the stringers are not described the ordinance is void. It is not con-

templated by the statute that an ordinance of this kind should set forth all the details of the work to the extent as sought to be raised by this objection. Such a construction would be so narrow and hypercritical that it would, in effect, prevent all improvements by special assessment, and such an objection cannot be sustained. *People ex rel.* v. *Sherman,* 83 Ill. 165; *Pearce* v. *Village of Hyde Park,* 126 id. 287.

Appellee contends that the ordinance does not authorize the assessment as made, because the caption of the ordinance does not specify anything in reference to house connections. Said caption is in the words and figures following: "An ordinance for the construction of a tile-pipe sewer in Third street, from a connection to be made with the Vine street sewer east to a point one hundred eighty (180) feet east of the east line of Grant street; also, from a connection to be made with the Lincoln street sewer east to a point one hundred sixty-five (165) feet east of the east line of Lincoln street, and from a connection with the extended stub at the west line of Garfield avenue west to a point two hundred fifty (250) feet west of the west line of Garfield avenue, with man-holes and catch-basins complete, in the village of Hinsdale, DuPage county, Illinois." Section 1 of the ordinance is with reference to the construction of the sewer, and also provides for catch-basins to be constructed, and it is insisted that the ordinance, by its caption, should refer to the necessity of the construction of house connections. The sewer, catch-basins, man-holes and house connections are all parts of one improvement authorized by the ordinance. No provision of the statute requires a description of the nature, character and locality of the improvement to be stated in the caption of the ordinance. The ordinance is clearly sufficient; and is not rendered uncertain by reason of the caption failing to state that its purpose was in part to provide for house connections with the sewer. Nothing said in *Smith* v. *City of Chicago,*

169 Ill. 257, requires the caption to specify the nature and character of the improvement. This objection is not well taken.

It is contended by the appellee that the ordinance provides for a double improvement. One of these sewers has house connections and the other two have not, and it does not appear that there is actual connection or physical contact of these sewers, one with another. They were all to be made of the same material and in the same way. It was held in *City of Springfield* v. *Green*, 120 Ill. 269, with reference to the pavement of two or more streets in one scheme (p. 274): "They were all to be paved with the same material and in the same way, and the fact that there was a difference of a few feet in width of some of them, and that the cost of paving the railway tracks in others was to be excluded from the estimate, should, in our opinion, make no difference in this respect. The similarity of the improvement proposed to be made, and the situation of the property to be assessed, with respect to it, afford a more satisfactory test as to whether they might all be embraced in a common scheme as one improvement, than their actual connection or physical contact with one another." It was similarly held in *Haley* v. *City of Alton*, 152 Ill. 113. The principle applied in the cases last named was applied to a system of sewerage in *Drexel* v. *Town of Lake*, 127 Ill. 54. We hold the city might provide for the entire improvement in one ordinance.

Appellee contends that the report of the persons alleged to have been appointed to make an estimate of the improvement was not made as required by law, and was made before the ordinance was passed or the persons appointed. We find nothing in the record to sustain this contention.

Other objections are argued by appellee which we deem it unnecessary to notice, and we might well have disregarded those heretofore. One of appellee's objections was that the assessment was void because the first

installment of the assessment exceeds twenty-five per cent of the total amount of the assessment. The judgment of the court was as follows: "And now again, on the 4th day of May, 1896, it being one of the days of the May term, 1896, of said court, this cause coming on to be heard on the motion of petitioner to overrule all legal objections filed herein by Edith H. Shannon to the confirmation of said assessment, except such as are triable by jury, and the court having heard the evidence offered by the respective parties to this proceeding and the arguments of counsel, and the court being advised in the matter, the court finds that the first installment of the said assessment contains more than twenty-five per cent of the total of said assessment. It is therefore ordered and adjudged by the court that the objections of Edith H. Shannon, filed herein to the confirmation of said assessment, be and the same are hereby sustained, and that judgment of confirmation against the premises of said objector be and the same is hereby refused." The ordinance provides that the first installment shall be, as near as may be, twenty per cent of the amount of the assessment, and shall include all fractional amounts, leaving each of the remaining installments equal in amount and multiples of $100, and provides further that there should be five installments. This question has been before this court and has been adjudicated contrary to the contention of appellee, and that objection is not well taken. *Lapham* v. *Village of Wilmette,* 168 Ill. 153; *Parker* v. *Village of LaGrange,* 171 id. 344.

The above is the only judgment of the court with reference to objections filed by appellee, and inasmuch as the objections are not passed on by number but only as stated in the judgment, it is practically a judgment on but one exception. There were no cross-errors assigned, and we might have well refused to consider any other exceptions than the one specifically referred to in the

judgment. We have, however, elected to consider other objections herein.

A motion is made to strike the bill of exceptions from the files. The hearing in this case was had November 5, 1895, and the judgment was entered May 4, 1896, which is the judgment hereinbefore recited.' On the 22d day of May, 1896, appellant, by its attorney, filed its motion to vacate and set aside this motion and for a new trial. Judge Brown, before whom the same was tried, went out of office as county judge and was succeeded by John H. Batten, who overruled the motion to set aside the judgment and for a new trial and signed the bill of exceptions in the case. The court will take judicial notice of who are the judges. The legal effect of the motion entered to set aside the judgment and grant a new trial, which was continued from term to term until the same was finally overruled, was to stay a final judgment until such motion was overruled. (*People ex rel.* v. *Gary,* 105 Ill. 264.) When the motion for a new trial was so finally overruled the judgment became final, and a bill of exceptions could then be tendered to be signed by the judge. (*Hearson* v. *Graudine,* 87 Ill. 115.) The judge who succeeded the trial judge, and who, in whatsoever manner, became convinced of the correctness of the record and bill of exceptions presented to him, should have signed the same. He had the right to use such means to determine the correctness of the bill of exceptions as he might deem proper. It was his duty to sign a bill of exceptions. (*People ex rel.* v. *Higbee,* 172 Ill. 251.) The motion to strike the bill of exceptions from the files is overruled.

The court erred in sustaining the exception on the ground that the first installment of the assessment contains more than twenty-five per cent of the total assessment. The judgment of the county court of DuPage county is reversed and the cause remanded.

*Reversed and remanded.*