ARTHUR C. THOMPSON *et al.*

*v.*

THE CITY OF HIGHLAND PARK.

*Opinion filed October 19, 1900.*

1. ORDINANCES—*caption of ordinance construed as to its sufficiency to cover the provisions made.* The caption of an ordinance purporting to be "for the grading, draining, paving and *otherwise improving*" a certain street, is broad enough to authorize a provision in the ordinance for making parkways in portions of the street.

2. SPECIAL ASSESSMENTS—*city has power to construct parkways by special assessment.* If the entire width of a street to be improved is not needed for travel, the city has power to provide for the construction, by special assessment, of two paved roadways therein, to be separated, except at street intersections, by a parkway, which shall be covered with loam, seeded with grass and planted with trees.

3. SAME—*when ordinance will not be deemed repealed.* An ordinance for improving a street by constructing two paved roadways therein, to be separated by a parkway, is not repealed, by implication, by a subsequent ordinance granting a street railway company the right to occupy one of the roadways with tracks, where the latter ordinance requires the company to keep such roadway paved with the same material as that used in improving adjacent portions of the street from time to time.

4. SAME—*power of court to re-cast assessment roll.* If, after the filing of an assessment roll, a portion of the cost of the improvement is otherwise provided for, the court may, under section 33 of article 9 of the City and Village act, re-cast the assessment roll by crediting the property owners with their proportionate shares of the amount so provided for.

APPEAL from the County Court of Lake county; the Hon. DeWITT L. JONES, Judge, presiding.

BOWEN W. SCHUMACHER, and WHITNEY & UPTON, for appellants:

It is not in the power of a municipal corporation to deprive the public of a portion of the street,—particularly the center part thereof,—and cause the same to be made into a parkway, sodded and seeded and planted with trees, as the public are thus deprived of a portion

of the street and the adjacent property is made to pay for what might be called, perhaps, an ornamentation, but certainly not a public improvement. *State* v. *Leffingwell,* 54 Mo. 458; Cooley on Taxation, (2d ed.) chap. 20, p. 614; *Mason* v. *Shawneetown,* 77 Ill. 533; *Chicago* v. *McCoy,* 136 id. 344; *Harmon* v. *Chicago,* 140 id. 374; *Quincy* v. *Jones,* 76 id. 231; *Railroad Co.* v. *Belleville,* 122 id. 376; Dillon on Mun. Corp. sec. 54; *Snyder* v. *Mt. Pulaski,* 176 Ill. 397; *Smith* v. *McDowell,* 148 id. 63; *Field* v. *Barling,* 149 id. 556.

By granting a franchise to a street railway company over the street sought to be improved, and providing therein that said company should pave a portion of said street and permitting it to locate its tracks thereon, the city has rendered the improvement impossible to be made. The improvement cannot now be made according to the ordinance. Therefore there is no ordinance specifying the nature, character, locality and description of the improvement sought to be made, and the court was without jurisdiction to confirm the assessment. *St. John* v. *East St. Louis,* 136 Ill. 207; *East St. Louis* v. *Albrecht,* 150 id. 506; *Cass* v. *People,* 166 id. 126; *Carlyle* v. *County of Clinton,* 140 id. 512; *Sterling* v. *Galt,* 117 id. 11; *Gage* v. *Chicago,* 143 id. 157; *Alton* v. *Middleton's Heirs,* 158 id. 442; *Rossiter* v. *Lake Forest,* 151 id. 494; *Pells* v. *People,* 159 id. 580; *Davis* v. *Litchfield,* 145 id. 313; *Kankakee* v. *Potter,* 119 id. 324.

In order to authorize the confirmation of a special assessment against property, not only must the ordinance show the work to be done, but the work must be done according to the ordinance. A property owner cannot be made to pay for part of the work or different work from that called for by the ordinance. *Dorathy* v. *Chicago,* 53 Ill. 79; *St. John* v. *East St. Louis,* 136 id. 207; *Rossiter* v. *Lake Forest,* 151 id. 489; *Pells* v. *People,* 159 id. 580; *Church* v. *People,* 174 id. 366; 179 id. 208; *Henderson* v. *Lambert,* 14 Bush. 24; Welty on Assessments, secs. 282, 290, 293, 295, 298; *Lowell* v. *Wheelock,* 11 Cush. 391; *Dougherty* v. *Hitchcock,* 35 Cal. 512.

S. F. KNOX, (SMOOT & EYER, of counsel,) for appellee:

The ordinance for the improvement does not embrace more than one subject.  It is within the power of the city to cause a strip in the center of the roadway to be graded, sodded and seeded, instead of paved, when the same is done as a part of the general improvement of the street, and to provide for the payment of the same by special assessment. 17 Am. & Eng. Ency. of Law, (1st ed.) 245; Rev. Stat. chap. 24, art. 5, sec. 1, pars. 7, 8; *Essling's Appeal*, 89 Pa. St. 205; *Murphy* v. *Peoria*, 119 Ill. 509; *Bergman* v. *Railway Co.* 88 Mo. 678; *Hinsdale* v. *Shannon*, 182 Ill. 312.

The ordinance permitting the laying of the street railway tracks along that part of St. John's avenue intended to be improved did not repeal or affect the improvement ordinance, so as to prevent the trial court from confirming the assessment.  The provision of the street railway ordinance requiring the street car company to pave in like manner its tracks merely relieved appellants from paying for the whole of the improvement, and when the assessment against appellants' property was reduced by the cost of such paving the trial court had given them the benefit of all they could claim, and had jurisdiction to modify and confirm the assessment. *Billings* v. *Chicago*, 167 Ill. 337; *Chicago* v. *Cummings*, 144 id. 446.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lake county confirming a special assessment for the improvement of St. John's avenue, in the city of Highland Park, from the southerly line of Laurel avenue to its intersection with the southerly line of Sheridan road. St. John's avenue runs north and south.  The ordinance provides for macadamizing two roadways, each eighteen feet in width, on each side of the center line of the avenue, the center of the easterly roadway to be twelve feet

east of the center line of St. John's avenue and the center of the westerly roadway to be twenty-six feet west of the center line of St. John's avenue. The ordinance also provides for a center parkway between the two roadways, to be planted with trees fifty feet apart, graded, leveled, covered with loam and seeded with grass seed. The ordinance also provides that the space between the lot line and the outer line of the gutter, called "outer parkway," shall be graded so as to have a gradual slope from the lot line down to the outer edge of the gutter. Provisions are made for drain-tile, catch-basins and gutters, so that when completed, beginning with the east side of the street, the improvement will be as follows: First, a parkway eighteen feet wide; second, a gutter two feet wide; third, a macadamized roadway eighteen feet wide; fourth, a parkway eighteen feet wide, planted with trees; fifth, a macadamized roadway eighteen feet wide; sixth, a gutter two feet wide; seventh, a parkway four feet wide.

Appellants contend that the ordinance does not authorize the assessment as made, because the caption of the ordinance does not specify anything in reference to parkways. The caption of the ordinance is as follows: "An ordinance providing for the grading, draining, paving and otherwise improving of St. John's avenue, from the southerly line of Laurel avenue to its intersection with the southerly line of Sheridan road." The phrase "otherwise improving" is a broad and comprehensive phrase, sufficient to include almost any improvement of the street. "Otherwise" is defined by the Standard Dictionary as meaning "in a different manner;" "in another way;" "differently;" "in other respects." By Webster, "in a different manner;" "in different respects;" and by the Century Dictionary, "in a different manner or way;" "differently;" "in other respects." So the entitlement does, in fact, fully cover, by its wording, everything provided

for by this ordinance. "If the title fairly gives notice of
the subject of the act, so as reasonably to lead to an in-
quiry into the body of the ordinance, it is all that is nec-
essary." (17 Am. & Eng. Ency. of Law,—1st ed.—p. 245.)
"An ordinance of a city entitled 'An ordinance to regu-
late and prohibit the running at large of animals,' and
containing therein provisions for taking up and impound-
ing cattle running at large within the corporate limits of
the city, contains a title sufficiently extended to embrace
also a section prohibiting any person from breaking open
the enclosure used by the city as a pound and forbidding
the unlawful taking and driving therefrom of animals
impounded therein." (*Smith* v. *City of Emporia*, 27 Kan.
528.) We held in the case of *Village of Hinsdale* v. *Shannon*,
182 Ill. 312 (on p. 315): "No provision of the statute re-
quires a description of the nature, character and locality
of the improvement to be stated in the caption of the or-
dinance." The ordinance is clearly sufficient, and is not
rendered uncertain by reason of the caption failing to state
that its purpose was, in part, to provide for a parkway.

It is next objected that the city council exceeded its
powers in attempting to levy a special assessment to pay
for grading, sodding and treeing a park in the middle of
the street. The proposed improvement provides for two
roadways, each eighteen feet wide,—not counting the
gutters, which add two feet more to each roadway,—with
a strip of grass-land between said roadways eighteen feet
wide, which is to be planted with trees at intervals of
fifty feet. It is not an unbroken strip, but has two wide
openings through it at the junction of intersecting streets,
so as to connect the two roadways and permit access
from one to the other as well as to adjoining streets.
St. John's avenue is eighty feet wide and is a main thor-
oughfare through Highland Park. The control of the
streets in cities and villages, and the power to improve
the same, are by the statute placed under the supervision

and control of the city council in cities and the board of trustees in villages, and in the exercise of such powers the manner of improvement must, of necessity, to a large extent be left to the discretion of these bodies.

In *Murphy* v. *City of Peoria*, 119 Ill. 509, the ordinance provided that the street should be graded and graveled; that twenty-four feet in width in the center of the street should be graded and sodded with good sod. After reviewing the provisions of the special charter of the city of Peoria giving the city council control over its streets, and which are substantially the same as are conferred upon cities and villages under the City and Village act, we say (p. 511): "It is obvious * * * that the control of the streets, and the power to improve, is placed in the hands of the city council, and in the exercise of these powers the manner of the improvement must, of necessity, to a large extent be left to the discretion of that body. It is true that the charter does not, in express words, declare that the city council may grade and sod a portion of the street; but we think it is manifest that such power is included under the general authority to control and improve, conferred on the city council by the charter. Where a street is of such a width that the entire street is not needed for the public travel, and the city council deem it wise to sod a portion thereof instead of graveling the entire street, we see no good reason why they may not properly, under the general power to control and improve, adopt that method of improvement." Under the authority of this case we do not think the city council exceeded its powers in providing for the improvement of the parkway in question and for the payment of the same by special assessment.

The improvement ordinance was passed on the 25th day of February, 1896. The commissioners appointed by the city council to make an estimate of the cost of said improvement made their report on the 3d day of March, 1896. The petition for the levying of the assessment was

filed on the 9th day of March, 1896.   On the 12th day of
March, 1896, an order was entered by the court appoint-
ing commissioners to make the assessment.   On the 26th
day of March, 1896, the commissioners filed the assess-
ment roll, and on the 12th day of May, 1896, the re-cast
assessment roll, and on the 28th day of November, 1899,
the assessment was confirmed.   On the 25th day of Janu-
uary, 1897, the city council of Highland Park passed
another ordinance, which was subsequently amended,
granting a city railway company, and its successors, a
franchise to construct a street railway through the city
and over the street in question.   Said railway was com-
pleted on the street in question about the first day of
May, 1898, and now occupies with its double tracks the
entire west roadway proposed to be macadamized.   The
ordinance also provided that said street railway company
should pave, and keep paved, at its own expense, such
portion of said street as is occupied by its tracks, with
the same material as that with which adjacent portions
thereof shall from time to time be paved or improved.

The claim is made by appellants that the ordinance,
and the amendments thereto, in regard to said street
railway, have rendered the improvement of said street
as contemplated by the paving ordinance impossible of
performance;  that said paving ordinance thereby has
been repealed, and that there is no ordinance now in
force specifying the nature, locality and description of
the improvement proposed to be made.   The street rail-
way ordinance does not in express terms repeal, amend
or modify the improvement ordinance.   No change is
made in the character of the improvement, and the iden-
tity thereof is in no sense destroyed or affected.   *St. John*
v. *City of East St. Louis*, 136 Ill. 207, is relied upon by ap-
pellants as an authority sustaining their position.   In
that case a material part of the improvement as required
by the original ordinance was abandoned, and it was
properly held that the special assessment for the whole ·

272 THOMPSON v. CITY OF HIGHLAND PARK. [187 Ill.

cost of the work could not be collected. No such case is made here. On the contrary, the improvement, when completed, will be in accordance with the specifications of the original ordinance.

The effect of passing an ordinance for paving an entire street, a portion of which was occupied by a city railway company which, under its ordinance, was obligated to pave the portion occupied by it, came before this court in the case of *City of Chicago* v. *Cummings*, 144 Ill. 446. In that case the middle sixteen feet of the street was occupied by the Chicago West Division Railway Company with double tracks. An ordinance was introduced in evidence making it the duty of the company to grade, pave and keep in repair the portion of the street occupied by it. Commissioners were appointed to make the assessment and return the roll without excluding the cost of paving the sixteen feet. The court, on page 449, say: "It does not follow, as seems to be supposed, that the ordinance providing for the improvement is therefore void. It properly required the improvement of the entire street, if, in the opinion of the municipality, so much was required or necessary to the public convenience; but the city having required the railway company 'to fill, grade, pave and keep in repair during all the time,' it has the privilege of using said streets, sixteen feet in width, where a double track is used, etc., 'in accordance with such ordinance as the city council may pass respecting such filling, grading, paving or repairing,' and requiring the same to be done by the railway company with like material, in like manner and at the time it is required in respect of the rest of the street, etc. The cost of paving so much of said street should have been excluded from the estimate."

We do not regard the ordinance giving the street railway company the right to occupy St. John's avenue a repeal or modification of the ordinance providing for the improvement thereof.

In the case of *City of Chicago* v. *Cummings, supra,* the ordinance granting the street car company the right to occupy the street sought to be improved was passed prior to the improvement ordinance.  In this case the street car ordinance was passed after the improvement ordinance and after the estimate had been made and the assessment roll filed.  The cost of the improvement, therefore, of the west roadway, which was to be borne by the street railway company, could not have been deducted from the estimate.  Before the assessment was confirmed, however, the city made a motion before the trial court to reduce the amount of the assessment against appellants' property, proportionately, by the amount it would cost to pave the west roadway occupied as a right of way by the street railway company, and offered proof showing what that cost would be, based upon the cost of the entire improvement as estimated by the commissioners appointed under the ordinance.  The court found the cost of that portion of the improvement to be $3156.05, and ordered the assessment roll to be modified by reducing the amount assessed against the respective lots of land, proportionately, by said amount, and, after such reduction had been made, confirmed the assessment.  Appellants did not introduce any evidence or dispute the fact of the correctness of said amount, but claimed, as a matter of law, the court had no authority to make such reduction.

Section 33 of article 9 of the City and Village act (Rev. Stat. 1874, p. 236,) provides: "The court before which any such proceeding may be pending, shall have authority, at any time before final judgment, to modify, alter, change, annul or confirm any assessment returned, as aforesaid, or cause any such assessment to be re-cast by the same commissioners whenever it shall be necessary for the attainment of justice, or may appoint other commissioners in the place of all or any of the commissioners

187—18

first appointed, for the purpose of making such assessment, or modifying, altering, changing or re-casting the same, and may take all such proceedings and make all such orders as may be necessary to make a true and just assessment of the cost of such improvement according to the principles of this act, and may from time to time, as may be necessary, continue the application for that purpose as to the whole or any part of the premises."

In the case of *Jones* v. *Town of Lake View*, 151 Ill. 663, the court, in considering the right of the trial court to modify or change an assessment, on page 681 says: "The court may undoubtedly supervise, upon proper objection, the exercise of the power by the commissioners, and, indeed, as we have already seen, (sec. 33, art. 9, chap. 24, Rev. Stat.) the court is given power, at any time before final judgment, to modify, alter, change and annul, or re-cast, any assessment, and to take all such proceedings and make all such orders as may be necessary to make a true and just assessment according to the principles of the act; and in cases of fraud, corruption, oppression or departure from the principles governing in like cases, it would be the duty of the court to set it aside, or to cause the same to be so changed as to make a just and true assessment. This, however, is to the court, and with which the jury have nothing to do."

We are of the opinion the court had power to modify the re-cast assessment roll by crediting to the several owners their proportionate shares, respectively, of the amount of the cost of paving the west roadway.

We have examined all the objections filed and find no reversible error in this record. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*