THE CHICAGO UNION TRACTION COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1904.*

1. ORDINANCES—*constitutional provision as to title of statutes does not apply to ordinances.* The constitutional provision that no law shall embrace more than one subject, which shall be expressed in its title, does not apply to city ordinances, in the absence of any statute to that effect. (*Smith* v. *Chicago*, 169 Ill. 257, explained.)

2. SPECIAL ASSESSMENTS—*lots owned by street railway company not within proviso to section 40 of Improvement act.* Lots owned by a street railway company but not a part of its right of way are not within the proviso to section 40 of the Local Improvement act, excepting certain property from the rule that each lot, tract or parcel of land must be assessed separately.

3. SAME—*when lots of street railway company may be assessed together.* Lots of a street railway company improved as one parcel for car barns and storerooms, and other lots used for stables and other purposes, may be grouped, under the amendment of 1901 to section 41 of the Local Improvement act, (Laws of 1901, p. 106,) and those improved as one parcel may be assessed as such.

4. SAME—*not necessary that all buildings be under one roof.* To constitute improvement of land as one parcel, within the meaning of section 41 of the Local Improvement act as amended in 1901, it is not essential that all buildings be under the same roof, in analogy with the law in reference to mechanics' liens.

5. SAME—*benefits to lots not limited to particular use.* The fact that lots owned by a street railway company are devoted solely to use as a site for car barns does not limit the special assessment for paving the street to the benefit conferred upon the property for such particular use, regardless of its effect upon the market value of the lots for other purposes.

6. SAME—*assessment roll is prima facie evidence of benefits.* The introduction of the assessment roll in evidence makes a *prima facie* case that the property assessed is benefited to the extent of the assessment.

APPEAL from the County Court of Cook county; the Hon. ROLLAND A. RUSSELL, Judge, presiding.

WILLISTON FISH, and LOUIS BOISOT, (JOHN A. ROSE, of counsel,) for appellant.

ROBERT REDFIELD, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal prosecuted from the county court of Cook county from a judgment of that court confirming a special assessment levied to defray the cost of curbing, grading and paving Racine avenue from Clybourn avenue to Center street, in the city of Chicago. The property assessed to and objected for appellant is in Sheffield's addition, and in the assessment roll is described as sub-lots 12 to 19 and 20 to 29 in the subdivision of lot 1 and part of lot 2, block 9, in said addition. Sub-lots 12 to 19 were assessed $932.50 and sub-lots 20 to 29 were assessed $1060.05.

Appellant appeared and filed numerous legal objections, which, upon the hearing before the court, were overruled, and by agreement of parties a trial by jury was waived as to the question of benefits and the cause submitted to the court for trial without a jury. The court having heard the evidence upon the question of benefits, found that the property was not assessed more than it would be benefited or more than its proportionate share of the cost of the improvement, and confirmed the assessment. It is now insisted (1) that the ordinance is void; (2) that the assessment was improperly spread upon the lots by placing the same in two groups instead of assessing them separately; (3) that the court erred in refusing to mark "held" appellant's ten propositions of law; (4) that the court erred in the exclusion and admission of evidence; and (5) that the finding of the court as to benefits is contrary to the weight of the evidence.

The objections filed at the first hearing before the court were broad enough and sufficient to cover the legal objections here insisted upon. The first objection, as stated by appellant, is: "The ordinance provides for new gutter flags and re-setting curb-stones, while the caption covers new combined curb and gutter." The caption of

207—35

the ordinance in question is as follows: "For the improvement, plastering curb walls, re-setting curb-stones, constructing a granite concrete combined curb and gutter, grading and paving of the roadway of Racine avenue from the north line of Center street produced from the east to the north-easterly curb line of Clybourn avenue, and also the roadways of all intersecting streets and alleys extended from the curb line to the street line produced on each side of said Racine avenue between said points, (except street railway rights of way thereon between said points,) in the city of Chicago, county of Cook and State of Illinois."

Appellant urges that there is a variance between the caption of the ordinance and the details of provisions in the body of the ordinance relating to the curb and gutter. As to the curb and gutter, the provisions of the ordinance are, substantially, that the curb walls now in place on each side of the roadway, and also on each side of the roadways on intersecting streets and alleys, shall be plastered on their face from the top surface down for the space of five feet, and shall be re-set in such manner that the roadway face of said curb-stones shall be parallel with and nineteen feet from the center line of said Racine avenue, and that there shall be constructed granite concrete gutter-flags eighteen inches in width and five inches in thickness, (giving the details for their construction,) so that the upper surface of the gutter-flags shall conform to the surface of the finished roadway. We do not think the objection here made tenable, but think that, in a general way, the caption covers all contained in the ordinance relating to the curb and gutter. *Thompson* v. *City of Highland Park,* 187 Ill. 265.

But if there were a variance we are of the opinion that it would be immaterial and insufficient upon which to declare the ordinance void. It is believed that the constitutional provision requiring that no law shall contain more than one subject, which shall be clearly ex-

pressed in its title, only applies to State legislation, and not to the ordinances of cities, and that in the absence of a statute containing a similar requirement to the constitution in the passage and adoption of ordinances, the constitutional requirement as applicable to acts of the General Assembly need not be observed in the passage of ordinances. (21 Am. & Eng. Ency. of Law,—2d ed. —975; *Village of Hinsdale* v. *Shannon*, 182 Ill. 312; *People* v. *Hanahan*, 75 Mich. 611; *People* v. *Wagoner*, 86 id. 594; 24 Am. St. Rep. 141; *Tarkio* v. *Cook*, 120 Mo. 1.) The only statutory requirement as applied to ordinances is as to the style or enacting clause, and the requirement is that the style of the ordinance shall be: "Be it ordained by the city council of," etc. (Hurd's Stat. 1899, chap. 24, art. 5, par. 63.) To require of cities and villages the same certainty and care with reference to the titles of ordinances that is required of the General Assembly in the enactment of laws for the State, would, we think, be requiring of such city and village authorities greater precision than is contemplated by the law or ought reasonably to be expected of bodies constituted as they are authorized to be.

The contention of counsel that *Smith* v. *City of Chicago*, 169 Ill. 257, sustains the position here contended for by appellant cannot be admitted. The view there expressed was, that the provisions of the ordinance in the main body thereof, as found in section 2, authorized a local improvement for the erection of lamp-posts only, and that in attempting to give the details of the construction of the lamp-posts, in section 6, the provisions of the latter section of the ordinance extended beyond the declared purposes of the ordinance in its main body, by declaring the method of connecting cables, switches and arc lamps with the same, and while the following language there used, "clearly the description is inconsistent and cannot be reconciled with the improvement named in the title and provisions of the ordinance authorizing the improvement," would seem to lay some stress upon a

variance between the caption or title of the ordinance and the provisions thereof, the holding was based upon the departure of the sixth section, in its specifications, from the provisions of the second section, which declared what improvement was authorized.

It is further complained of the ordinance that it is uncertain, in that it does not sufficiently fix the height of the curb at a supposed alley between Maud and Clybourn avenues. The objection filed was, that the ordinance is uncertain in describing the pavement in the intersecting alleys. Racine avenue runs north and south and crosses Center street, Maud and Clybourn avenues. Appellant argues that as the grade is fixed at thirteen feet above datum at Center street, thirteen feet above datum at Maud avenue and twelve and five-tenths feet above datum at Clybourn avenue, the curbs on the different sides of an alley between Maud and Clybourn avenues would necessarily be of different heights,—one lower than the other,—and as the specifications required "the surface of the finished pavement of all intersecting alleys * * * shall be four inches below the top of the curb * * * on each side of said alley intersections and parallel therewith," it would be impossible to comply with that requirement with the height of the curbs varying on the two sides of the alley. There is no evidence that there is an alley between the points discussed, and if there is, it seems to us the objection here made is too refined and technical to be allowed to prevail in such ordinance. We will presume, in a matter of such small detail, that the contractor and engineer will be able to so construct a pavement of the kind called for in the ordinance, of the material therein designated, and nearly enough in the manner therein called for, that it will meet all purposes of travel, although there may be a slight variation in the height of the curb on the two sides of an alley; and certainly, upon a mere supposititious difficulty, concerning which there is no evidence,

oral or otherwise, we are not disposed to declare this ordinance void.

It is next urged that it was improper, in spreading the assessment upon the lots of appellant, to have placed the same in two groups, one consisting of lots 12 to 19 and the other of lots 20 to 29, and assessed them in that manner instead of assessing each lot separately. Appellant invokes section 40 of the Improvement act, (Hurd's Stat. 1901, p. 385,) as follows: "In levying any special assessment or special tax, each lot, block, tract or parcel of land shall be assessed separately in the same manner as upon assessment for general taxation: *Provided*, that this requirement shall not apply to the property of railroad companies, or the right of way, and franchise of street railway companies, but the same may be described in any manner sufficient to reasonably identify the property intended to be assessed;" and reliance is placed upon the case of *Howe* v. *People*, 86 Ill. 288, and several cases from other States. The *Howe case* we do not regard as any authority upon the proposition here urged. Howe was the owner of eighty acres of land in a certain section, and two tracts of land adjoining it, lying in the same section but belonging to other persons, were, together with Howe's land, included in a single assessment, and taxes to the amount of over $1000 were placed against the combined property. There was no way to determine how much Howe's land was assessed or taxed, and it was held that the assessment, made in that manner, was void. In *Moore* v. *People*, 106 Ill. 376, which was a special assessment case under the Drainage act, and where the provision was quite similar to that in the Local Improvement act as to assessments, it was held proper to assess four hundred and twenty acres of land belonging to the objector in a single assessment, although there was no single description that would describe the tract.

Appellee takes the position that this mode of assessment is authorized by the amendment of 1901 of section 41

of the Local Improvement act, (Hurd's Stat. 1901, chap. 24, par. 547,) which is as follows: "Several lots, or parts of lands, owned and improved as one parcel, may be assessed as one parcel," and further contends that the proviso to section 40, above quoted, also applies. We do not agree that the proviso to section 40 has any application to the property here objected for. The property in question is not the property of a railroad company and is no part of the right of way or franchise of a street railway company, and those are the only classes of property affected by the proviso.

From the evidence in this record it is somewhat difficult to get a clear conception of the location and exact situation of the two groups of property of the assessment of which it is complained. In the trial before the court a map was used and referred to by most of the witnesses, but it does not seem to have been put in evidence and is not in the record. As nearly as we can understand the testimony of the witnesses, lots 12 to 19 are entirely covered with buildings. On lot 12 is a one-story brick building, and lots 13 to 19 are covered with a car barn used for the storage of cars. Lot 12 joins lot 13, and the building on lot 12 and the car barn have a wall in common between them. The building on lot 12 is used for the storing or keeping of waste iron. Lots 20 to 26 lie substantially south of the first group of lots we have mentioned, and lots 20 to 26 have upon them an old car barn that is now used for a stable for horses and the keeping of wagons and such things appertaining to the business of appellant, and on lot 27 is a small private alley of about twelve feet in width, dividing the buildings that are located on lots 20 to 26 from another large building that is located on the remainder of lot 27 after the alley is taken off, and also on lots 28 and 29. These properties all belong to appellant, and, according to the testimony of its foreman, are all used as one plant, and we are clearly of the opinion that it was not error to assess,

and that no injustice was done appellant in assessing, the lots in two groups, in the manner they were assessed.

Appellant urges that the law applicable to mechanics' liens is analogous to the rule with reference to assessments of property, and that only those properties that can be said to be under one roof can, under the Mechanic's Lien law, be treated as one improvement for a single lien, and that by analogy the same rule is applicable for the assessment of property under the Local Improvement act. We think not, and regard such construction too narrow for the language used in the amendment of 1901 of section 41 of the Local Improvement act, which authorizes "several lots or parts of land owned and improved as one parcel" to be assessed as one parcel. The private alley between the buildings on the second group of lots, left there for appellant's convenience, or for fire protection, or other cause, cannot be said to be a severance of the properties of such a character as to prevent their being treated as one parcel, when the undisputed evidence shows that they in fact constitute one plant. And so, too, as to the division of the buildings on lots 12 to 19. The simple fact that one of them is a building in which old iron is stored and the other is one in which cars are stored, but all joined together and all constituting substantially one improvement and used as one parcel, is not sufficient, as we interpret the law, to prevent the lots constituting one parcel and being assessed as one parcel. In *Pfeiffer* v. *People*, 170 Ill. 347, it was objected that lots 7 and 8 and lots 1 to 16 in a certain block in the city of Alton were assessed in two separate groups. The county court overruled the objection and we affirmed its judgment, and regard that case as applicable to and supporting the views expressed here. If the alley separating the buildings in the second group of lots (20 to 29) were a public alley there would be more reason in the contention here made and some authority to support it, but the mere leaving of a passageway, upon one's own property,

between the buildings would not seem to us sufficient to require the classification of the property as constituting separate groups or parcels.

Proposition No. 10 offered by appellant and refused by the court was, in substance, that if the evidence shows that any part of the property objected for is permanently devoted solely to use as a site for a street railway car storage barn, the assessment against such part of said property in this proceeding is limited by the benefit conferred on said property by said improvement for such use, and the fact that the general market value of the property or its desirability for any other purpose may be increased by the improvement is not material in the decision of this case. This holding was properly refused. *Chicago Union Traction Co.* v. *City of Chicago,* 202 Ill. 576; *Chicago Union Traction Co.* v. *City of Chicago,* 204 id. 363.

This proposition is so fully discussed and reviewed in the case last cited that it would seem unnecessary to again review it, and as appellant proceeded upon an erroneous theory in fixing the benefits to the property, the complaint that the court erred in the admission and exclusion of evidence cannot be sustained, as the evidence admitted went upon the theory of the increase in the market value, and the evidence excluded was to the proposition that the property was not benefited for the particular use. The assessment roll was introduced in evidence, and it was *prima facie* evidence that the property was benefited to the extent of the assessment upon the true legal theory. Appellant's evidence was upon an erroneous theory and did not rebut or overcome the evidence in the assessment roll; and besides, there were witnesses who testified that the market value would be increased by the improvement to the extent of or more than the assessment.

The judgment of the county court is affirmed.

*Judgment affirmed.*