## CLARA B. WIEMERS

*v.*

## THE PEOPLE *ex rel.* Lewis C. Price, County Treasurer.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. SPECIAL ASSESSMENTS—*a village collector's delinquent list is not essential to prima facie case.* Upon application for judgment and order of sale for a delinquent special assessment, proof of the village collector's delinquent list is not essential to the *prima facie* case, and if the village collector has not made a proper return of the delinquent list such matter is one of defense which must be proved.

2. SAME—*when judgment of sale should be entered.* The county collector's sworn report of delinquent lands, together with proof of publication and notice of the application for judgment of sale for a delinquent special assessment, makes a *prima facie* case, and judgment must be entered thereon unless good cause to the contrary is shown.

3. SAME—*when a description of property assessed is sufficient.* An assessment of property by the same description as that under which the owner of such property acquired title, is, as against him, a good description, notwithstanding a failure of the plat on which the description is based to fix any monument by which the property can be located.

APPEAL from the County Court of Lake county; the Hon. DWIGHT L. JONES, Judge, presiding.

COOKE, POPE & POPE, for appellant.

HUFF & COOK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Lake county, entered at the June term, 1906, against the lands of appellant for the delinquent second installment of a special assessment on certain lots in the village of Lake Bluff for improving Scranton avenue. Upon application for judgment against the same lots for the first installment of said assessment the objections of appellant filed therein on hearing at the June term, 1905, of said county court were sustained and judgment refused. The order of the county court refusing judgment as to this first installment having been reversed and the cause remanded at this term of this court, (*People* v. *Wiemers, ante,* p. 17,) appellant's contention in this case that the judgment in the first installment is *res judicata* is without force and requires no consideration.

It is insisted that as the delinquent list from the village collector was not introduced in evidence there is nothing upon which the trial court could base its judgment. Such proof is not required on application for judgment of sale. The county collector's sworn report of delinquent lands, together with the proof of publication and notice of the application for judgment, makes a *prima facie* case, and judgment must be entered thereon unless good cause is shown to the contrary. (*Walker* v. *People,* 166 Ill. 96; *People* v. *Givens,* 123 id. 352.) This *prima facie* case having been made out by the introduction of the proper proof, as shown by the record, the burden of establishing a defense was imposed upon appellant. (*Boynton* v. *People,* 159 Ill. 553.) If the village collector did not make a proper return of the delinquent list as required by law, the objector should have proved that fact if she desired to take advantage of that objection. Counsel cite in support of their position, *Gage* v. *People,* 219

Ill. 634. The question here under discussion was not raised or considered and was not in that case. On the record presented this objection is without weight.

It is also objected that the plat of the North addition to Lake Bluff, by which the property is described and assessed, does not fix any monument by which such property can be located, and that therefore the assessment is void. It is stipulated that appellant acquired title to the lots in question by the same description as that found in the assessment roll and now objected to. "If the description is the same as that by which the owner acquired title, he will, of course, not be misled in any way, and the description will be good against him for the reason that he has adopted it." (*Koelling* v. *People,* 196 Ill. 353.) *People* v. *Clifford,* 166 Ill. 165, is not in conflict with this conclusion, as claimed by appellant.

The objection is made that the ordinance providing for the improvement is indefinite and uncertain. This point is fully covered in the previous case of *People* v. *Wiemers, supra.*

The case of *Lundberg* v. *City of Chicago,* 183 Ill. 572, relied on by counsel, raises the defects in the ordinance by writ of error in the original proceeding. Many questions that can be raised on confirmation, either by appeal or writ of error, cannot be raised in the collateral proceeding of application for judgment of sale. *Leitch* v. *People,* 183 Ill. 569; Hurd's Stat. 1905, chap. 24, sec. 66, p. 421.

Objection that the improvement as constructed does not comply with the ordinance was fully considered in the decision as to the first installment on the writ of error.

What we have said renders unnecessary a discussion of the other points raised in the record.

We find no reversible error. The judgment of the county court will therefore be affirmed.      *Judgment affirmed.*