JOSEPH CREOTE *et al.*

*v.*

THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENTS *in Chicago — what defense allowable after confirmation — construction of the statute.* Where it is alleged that the board of public works in the city of Chicago, in making a special assessment for the

construction of certain improvements in the city, willfully and knowingly included in their assessment the cost of certain work in respect to such improvements, which had been done by persons other than the city, property owners affected by the assessment are not precluded from presenting such fact as a defense after confirmation of the assessment by the common council, but the defense may be made for the first time, on the application for judgment on the assessment.

2.  SAME — *admissibility of evidence — what constitutes a defense.*  On an application for judgment upon an assessment for curbing with curb walls, filling and paving a certain street in the city of Chicago, it is competent for a property owner embraced in the assessment, under a proper form of objection, to prove that a portion of the curb walls upon said street and on the line of the proposed improvement, had been built before the assessment by the board of public works was made.    While such evidence, standing alone, would not establish a defense, yet it would afford a link in the chain of evidence which would.    If followed by evidence that such portions of the walls had been built by property owners, or any party other than the city, and the board had willfully and knowingly included them in the assessment, it would be such a fraud upon the property owners as ought to render the assessment void.

3.  SAME — *whether a particular defense is embraced in the objections filed.* An objection filed to such an assessment stated that the estimate of the expense of the improvement, as reported by the board of public works to the council, was knowingly and willfully stated by the board at a much larger amount of money than the board believed the expense would be, and at a sum much larger, by several thousand dollars, than the board knew would be the cost of the work :  *Held,* if a portion of the curb walls had been previously built by parties other than the city, and they were included in the amount of the estimated cost of the improvement, this would sustain such objection, and constitute a good defense.

4.  SAME — *of the rule of uniformity.*    Upon objection to such an assessment, it is competent to prove that the cost of the curb walls was assessed upon each lot in proportion to each lot's frontage upon the street.    Such evidence would tend to show a violation of the principle of uniformity established in the constitution and by the statute.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion of the court contains a statement of the case.

Messrs. BARKER & TULEY, for the appellants.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This is an appeal from the judgment of the Superior Court of Chicago against certain lots of appellants for an assessment on warrant for curbing with curb walls, filling, and paving with wooden blocks, West Lake street, from Halsted to Reuben street, in the city of Chicago.

The appellants, having filed numerous objections to the recovery of judgment, offered to prove upon the hearing, in support of the objections, that a portion of the curb walls upon said street and on the line of the proposed improvement, had been built before the assessment by the board of public works was made. The evidence was objected to by the counsel for the city, and the court excluded it, on the ground that there was no objection filed to that effect. The exclusion of this evidence is relied upon for error.

The evidence offered would not, standing alone, establish a defense; but it afforded a link in the chain of evidence, which would. If it were followed up by evidence that such portions of the walls had been built by property owners, or any party other than the city, and the commissioners had, willfully and knowingly, included them in this assessment, it would be such a fraud upon the property owners as ought to render the assessment void.

There is some lack of precision in the offer as made, but for the purpose indicated, the evidence was admissible, if any such defense can be set up after confirmation by the common council, and if there was a proper objection on file.

Can such a defense be made to the recovery of judgment, upon the collector's report? In actions concerning real estate, there are defenses termed legal and equitable. In actions of ejectment, for instance, with but very limited exceptions, none but the former are recognized in this State as proper; while in other States, in order to avoid multiplicity of suits, equi-

table defenses may be interposed.   It is a matter generally within the legislative power to regulate, and the question is, what character of defenses, if any, is allowable under the statute governing these proceedings ?  By the fourteenth section of chapter nine of the city charter (Gary's Laws, etc., 89), it is declared that each of the collector's reports shall constitute a separate suit, and shall be docketed by the clerk as a suit.   The fifteenth section, same chapter, says, that "It shall be the duty of the court, upon the filing of the reports, to proceed to the hearing of the same, and they shall have priority over all other causes pending in said court."   The application for judgment is thus treated as a suit — a cause pending in court.   But the statute proceeds :   "The court shall pronounce judgment against the several lots and parcels of land or other property described in the report to which no objections shall be filed, for the amount of the tax or assessment, damages and costs due severally thereon."   This judgment, the statute speaks of as a judgment by default.

The statute further declares, that " The owner of any property described in said report, or any person beneficially interested, may appear at said court at the time designated in the collector's notice, and file objections in writing to the recovery of judgment against such property, but no objection shall be sustained founded on any mere formal irregularity or defect."   By the sixteenth section of the same chapter, these objections are styled defenses.   There is nothing in this language which places any limitation upon the objections, except that none founded upon any mere formal irregularity or defect shall be sustained.   But in giving it a construction the court must hold that the objections which may be sustained, if apparent upon the proceedings, or if not, which are supported by evidence, are those which, by recognized principles of either law or equity, are sufficient to quash the proceedings for want of compliance with the statute, or to overthrow them for matters extrinsic the record.   As was said in *Pease* v. *The City of Chicago,* 21 Ill. 500, " any thing which a court of law would

426    CREOTE *et al. v.* THE CITY OF CHICAGO.    [Sept. T.,

Opinion of the Court.

examine into, under a writ of *certiorari*, may be considered on this trial, and even more, for the court may inquire *dehors* the proceedings of the common council, and see if any facts exist which render the tax or assessment illegal, as well as into any substantial irregularity in the mode of assessing it, for which a court of law should set them aside.

It has been supposed, and some of the later decisions of this court are to that effect, that if such defense as was sought to be established in this case was not made in the common council, before confirmation of the assessment, it could not be objected to the recovery of the judgment. We are unwilling to give our adherence to such a position. The thirteenth section of chapter 7, concerning the condemnation of land for public use (Gary's Laws, 66), says, that "Said assessment, when confirmed by the common council, shall be final and conclusive upon all parties interested therein, except as hereinafter provided." This exception includes the very case of a defense being made to the recovery of judgment, by a party who decides to test the validity of the proceedings. If other parties choose to submit to the confirmation as conclusive upon them, and voluntarily pay their assessment, when the law affords them the means of resisting its collection, if illegal, then, as to them, it should be conclusive.

The twenty-fourth section of chapter 7 (Gary's Laws, 79), if taken literally, would seem to sustain the position of the conclusiveness of the confirmation. But, when the whole statute is construed together, it does not admit of such a construction. This section requires that the commissioners, when they shall have completed the assessments for street improvements, "shall sign and return the same in like manner, and give the like notice of the application to the common council for confirmation, as herein required in relation to assessments for the condemnation of real estate; and all parties in interest shall have the like rights, and the common council shall perform like duties and have like powers in relation to such assessment, as are herein given in relation to assessments for the con

demnation of real estate." Here is a plain intention to assimilate the confirmation, and its effects, to that in the case of the condemnation of real estate, and the remaining clause must be construed in the light of the context. "When confirmed by the common council, said assessment shall be final and conclusive upon all parties interested therein, and shall be collected as in other cases; and no appeal shall lie in any case from the order of confirmation."

The thirty-fourth section of the same chapter (Gary's L. 74) takes away the common law *certiorari*, of which the circuit court has jurisdiction, unless the writ is applied for within thirty days after the confirmation; and if the party interested neglects to file objections in the common council, to the confirmation, it is taken away altogether, "unless he can show, by legal and satisfactory evidence, other than his own oath, that he has a sufficient legal excuse for such omission or neglect."

Thus it will be seen that if the defense in question can not be made upon the application for judgment upon the collector's report, it can be made nowhere except before the common council. Such a construction would render the statute arbitrary and despotic. No appeal is allowed. The common law *certiorari* practically taken away. The property owner, bound hand and foot, would be subject to a conclusive judgment upon the most important rights of property, rendered by a tribunal wholly unfitted by the very nature of its organization, for sitting in judgment upon questions so grave, intricate and delicate as are involved in the exercise of the high prerogative power of eminent domain.

The common council of the city of Chicago does not belong to the judicial department of the State, and, under the constitution, can not be clothed with judicial power. We hold, therefore, that the appellants were not precluded by the confirmation of the assessment by the common council from setting up the defense offered.

Was there an objection filed under which the defense was admissible?

The sixth objection is, in substance, that the estimate of the expense of this improvement, as reported by the board of public works to the council, was knowingly and willfully stated by the board at a much larger amount of money than the board believed the expense would be, and at a sum much larger, by several thousand dollars, than the board knew would be the cost of the work.    These grounds of objection show an abuse of power, and, if true, amount to a fraud.

If a portion of the curb walls had been previously built by parties other than the city, and the commissioners included them in the amount of the estimated cost of this improvement, this would sustain the objection just stated, and constitute a good defense.    *City of Chicago* v. *Burtice*, 24 Ill. 489.    It was error to exclude the evidence.

Appellants also offered to show, by competent evidence, that the cost of the curb walls was assessed upon each lot in proportion to each lot's frontage upon the street.    There was an objection stating this as a ground, but the court excluded the evidence, and exception was taken.    The evidence was competent, as tending to show that the principle both of the statute and the constitution was violated.    *City of Chicago* v. *Larned*, 34 Ill. 203.

Other questions are made in this case, but they are based upon technical grounds involving no principle; errors of a substantial character being found in the record, for which the judgment must be reversed, it is unnecessary to discuss the other points made.

Judgment reversed and cause remanded.

                                      *Judgment reversed.*