JOHN C. RUE *et al.*

*v.*

THE CITY OF CHICAGO.

SPECIAL ASSESSMENT—*certificate of publication.* The certificate of publication of the commissioner's notice of making a special assessment in the city of Chicago, is fatally defective if it omit to state the date of the first and last papers containing such notice, or language equivalent thereto.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BARKER & TULEY, for the appellants.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This is an appeal from the judgment of the Superior Court of Chicago, for a special assessment for filling, paving, &c., of Jefferson street, from West Van Buren street to Randolph street, in the city of Chicago.

There is one fatal defect in the proceedings, for which the judgment must be reversed. The certificate of publication of the commissioner's notice of the assessment, is as follows:

"This certifies that the appended assessment notice has been published in the Chicago *Republican,* the corporation newspaper of the city of Chicago, county of Cook and State of Illinois, six days consecutively, (excepting Sundays and holidays,) commencing with September 24, 1868."

"GEO. WILLISTON, Publisher."

The statute requires the certificate to state the number of times which the notice shall have been published, and the dates of the first and last papers containing the same. No particular language is requisite to a compliance with the statute,

providing the certificate contain such dates and facts as that the court can determine from them the dates of the first and last papers containing the notice.

If we can determine by this certificate the date of the first paper, we certainly can not that of the last, because we can not know how many, or what days, the publisher regarded as holidays.

The questions as to what defenses may be made, upon an application for judgment upon the collector's report, are discussed and decided in the case of *Creote* v. *The City of Chicago.* 56 Ill. 422.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*