# JOHN WECKLER

### v.

# THE CITY OF CHICAGO.

1. STREETS AND ALLEYS. Where an ordinance required the widening of an alley running north and south through a block, and the opening of a new alley running east and west through the same block, and also the condemnation of two triangular pieces of land at the intersection of these alleys for the purpose of improving the ingress and egress to and from the alleys: *Held*, that these were separate and distinct improvements, and could not be united in one proceeding; that in assessing benefits, property owners would be liable to assessments that they would not if the improvement were made by separate proceedings.

2. SAME. The charter of the city of Chicago has not conferred power to combine two or more such improvements in one proceeding, and as it would be liable to abuse, if not impossible of fair execution, it can not be done.

3. EMINENT DOMAIN—*its exercise.* The charter of the city requires the commissioners, in making an assessment, to determine and appraise to the owner the value of the real estate appropriated for the improvement and the injury arising to him from the condemnation, which shall be awarded

to such owner as damages after deducting therefrom any benefits he may derive from the improvement: *Held*, that this provision of the charter limits the assessment of benefits derived from the improvement for which the real estate is condemned, and impliedly forbids the assessment of benefits derived from other improvements.

4. SAME—*benefits.* Where a person's property is condemned for the opening of an alley running east and west through a block, he should not be charged for benefits he might derive by widening an alley running north and south through the same block. The benefits must arise from the improvement for which the real estate is taken.

5. EMINENT DOMAIN—*constitution.* The constitution declares that no man's property shall be taken or applied to public use without just compensation being made to him: *Held*, this compensation must be pecuniary in its character because it is in the nature of a compulsory purchase. Statutes authorizing municipal bodies to exercise the right of eminent domain, must be strictly construed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. D. L. SHOREY, for the appellant.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

The counsel for appellant has filed in this case a very concise, forcible and exhaustive argument, to show that the statute under which application for judgment was made by the collector of the city of Chicago, had been abrogated by section 9 article 4 of the new constitution. As the court has already decided that question in other cases in accordance with the views presented, we do not deem it necessary to restate them here. The point is fatal to the judgment.

The printer's certificate of publication of the notice for the meeting of commissioners to determine damages and benefits, is in the exact form as in the cases of *Rue* v. *City of Chicago*, 57 Ill. 435, and *Rich* v. *City of Chicago*, 59 Ill. 286, where it was held fatally defective.

144          WECKLER *v*. CITY OF CHICAGO.          [Sept. T.,

Opinion of the Court.

The 1st section of the ordinance upon which these proceedings rest, is as follows :

"*Section 1st*—That the ten-foot alley running north and south through block 4, original town of Chicago, from Kinzie street to North Water street, is hereby ordered widened to the width of twenty feet, taking therefor the west ten feet of lot 6 in block 4, original town of Chicago ; and also that an alley sixteen feet wide be, and is hereby ordered opened, running east and west in said block 4, original town of Chicago, from North LaSalle street west to intersect with said alley running north and south through said block 4, as widened, the western terminus of said alley running east and west to be midway between North Water street and Kinzie street, and the north line at the eastern terminus thereof to be eighty feet south of the south line of Kinzie ; and also that two triangular pieces of land, each five feet long north and south, and five feet wide east and west, be, and are hereby ordered condemned, for the purpose of improving the ingress and egress to and from the alleys in said block 4, original town of Chicago, one of said pieces of land to be taken from the southwest corner of the north 72 87-100 feet of lot 6, and one from the northwest corner of the south 72 87-100 feet of lot 6, all in block 4, original town of Chicago, in accordance with the plan hereto annexed."

This ordinance combines, in one proceeding, two improvements treated as one.

The 2d section orders that an "appraisal of the damages and recompense due to the owners of the real estate necessary to be taken *for said improvement,* be forthwith made, and *its* total damages and expenses be ascertained."

The 3d section directs that the sum of $10,065.82 be assessed by the commissioners upon the real estate deemed by them specially benefited by the improvement.

The assessment is made as an entirety for the purpose of defraying the cost and expense of the improvements, regarding them not as distinct, but as one ; and there is nothing in

the proceedings from which it can be ascertained what portion of the alleged benefits was assessed against the lots in this block for one or the other specified alleys, or for widening the entrance, but all are combined as an entirety.

The counsel for appellant maintains that these alleys intersecting each other at right angles, though in the same block, are distinct improvements, and that, in order fairly to apply the principles which should govern, it was indispensable that they should be kept separate. The counsel for the corporation says that, as the alleys are in the same block and *are connected together*, no good reason can be perceived why property owners should be subjected to the double expense which would be occasioned by two assessments; that, while the city can not make two entirely disconnected improvements in one assessment, it can include in one assessment the improvements contained in this one, and there is such a connection between them that the benefits derived from each, if separate, are common to all and from all when they are made as one improvement.

This is the length and the breadth of the argument on behalf of appellee in answer to the objection of the opposite counsel.

The court can see by the ordinance and the plan referred to in it, that the west end of the east and west alley, to be opened sixteen feet wide from North LaSalle, does intersect with the north and south alley ordered to be widened, and so far as that intersection is concerned there is a connection, as there would be in the case of streets which thus intersected, or one crossed the other. But whether, from this fact of intersection, the benefits derived from each, if separate, are common to all and from all when made as one improvement, as claimed by counsel for appellee, is more than this court can judicially know. There is no evidence on the subject. It rests wholly on presumption or assertion. That they are two different alleys, is as apparent as that North LaSalle street and Kinzie

10—61ST ILL.

street are two different streets, although they intersect each other.

It is very obvious that the charter does not contemplate the joining of several streets or alleys in one proceeding to open or widen. "Whenever the board of public works shall recommend the opening, straightening, widening, or extending of any street, lane, alley or highway, in said city, * * they shall furnish to the common council a plan or profile of the contemplated *improvement,*" etc. Sec. 4, chap. 7. So it is expressed, in the singular, in the 5th section: "Whenever any order is passed by the common council by virtue hereof, for the making of any public *improvement* mentioned, etc., which shall require the appropriation or condemnation of any land or real estate, the commissioners, etc., shall forthwith proceed to ascertain and assess the damages and recompense due to the owners of such lands respectively, and at the same time to determine what real estate will be benefited by such *improvement,*" etc.

By the 6th section they are required to be sworn, before making the assessment, to give six days' notice of the time and place of their meeting for the purpose of making the assessment, in which notice they must specify what the assessment is to be for, and describe the land to be condemned. The meeting of the commissioners must be in a public place in the city, to be specified in the notice, and all parties interested in such assessment shall have the right to be heard in person or by counsel. The commissioners shall view the premises to be condemned, and receive any legal evidence that may be offered for the purpose of proving the true value thereof, or the damages that will be sustained, or benefit conferred, by reason of the contemplated *improvement.*

By the 7th section, "the commissioners, in making said assessment, shall determine and appraise to the owner or owners the value of the *real estate appropriated for the improvement,* and the *injury arising to them respectively from the condemnation*

*thereof,* which shall be awarded to such owners as damages, after making due allowance therefrom for any *benefit which such owners may respectively derive from such improvement."*

This section we regard as conclusive of the question, for, when it declares the authority to make a due allowance from the damages ascertained for any benefits which such owners may respectively derive from *such* improvement, it means benefits derived from the improvement for which the real estate was appropriated, and impliedly forbids the allowance or application of benefits derived from other improvements. When the north and south alley was ordered to be widened ten feet, the land requisite for that purpose, when taken, was appropriated for the improvement of widening that alley. The land taken to widen that alley was not appropriated for the improvement of opening a new alley sixteen feet wide and running east and west. When the amount of damages was found in favor of a party whose land was appropriated for widening the north and south alley, such damages were subject to no diminution for benefits except such as were derived from the improvement for which that party's land was appropriated, and it would have been a violation of the principle of the 7th section above quoted to diminish such damages by supposed benefits derived from the other improvement of opening the new east and west alley; and, for the same reason, damages for the value of land appropriated for opening the east and west alley, could not be lawfully diminished by either theoretical or actual benefits derived from widening the north and south alley, simply because widening the latter alley is not the improvement for which the lands taken to open the former were appropriated.

The constitution declares that no man's property shall be taken or applied to public use without just compensation being made to him. "This compensation must be pecuniary in its character because it is in the nature of a payment for a compulsory purchase." The effect of the right of eminent

domain against the individual amounts to nothing more than a power to oblige him to sell and convey when the public necessities require it.    Cooley's Const. Lim. 559, note 4, and cases there cited.

This view is not presented for the purpose of assailing the constitutionality of the statute and holding it invalid.    We discussed that subject at length in the case of *Rich* v. *City of Chicago, supra,* and although a majority of the court doubted the constitutionality of the charter respecting condemnation of lands, yet, upon the principle of *stare decisis,* we decided to enforce it.    The character of the provision now in question is compared with the fair requirements of the constitution, with the view of determining whether that provision of the statute ought to receive a liberal construction or a strict one. We are constrained to say that, as it is hardly to be tolerated even when strictly construed, it ought not to be extended one iota by construction.    If these two alleys can be included in one proceeding, and the value of lands taken for one be compensated by benefits derived from the other, because one alley intersects the other, where will be the limit?

If this proceeding be held valid and the precedent established, what will hinder the board of public works from uniting numerous improvements in one proceeding requiring the condemnation of land, and justify it on the ground that the streets intersect and the improvements confer a common benefit upon the entire area of their locality?

If the ordinance in question, so far as it goes, is valid on the ground that these different alleys intersect, and are in a certain area called a block, then why not go farther, and for the same reasons, add the widening of North LaSalle and of Kinzie streets by condemning a portion of this block upon the east for LaSalle, and upon the north for Kinzie, in the same ordinance for the alleys, and make an entirety of them all as one improvement?

To allow such a proceeding is to sanction practical confis-
cation under color of exercising the right of eminent domain.
If a man's property were taken in such a proceeding for wi-
dening North LaSalle street, the valuation and damages ascer-
tained, then, after a fair allowance of all the benefits derived
from the widening of that street which would be the improve-
ment for which his land was appropriated, he still might have
a balance due him in money of perhaps half the valuation.
But instead of setting down that balance payable in money,
the commissioners combine the benefits supposed to be derived
from widening the north and south alley, for widening Kin-
zie street, for opening the east and west alley, and the money
balance is not only swept away but his remaining property
subject to a heavy charge in addition. It is apparent that
such a proceeding is just as much against the spirit and in-
tention of the statute as if the compensation found to be justly
due to an individual, whose land is taken for a street or alley,
were adjudged to have been received in benefits derived from
the general improvement and growth of the city.

And, besides, if several improvements may be thus joined
in one proceeding, on the theory that the streets intersect and
the benefits are common to all, property owners, whose land
was not taken but was subject to be assessed, would, in all
cases where their means were limited, be overwhelmed by the
weight of the burden and be compelled to submit to a forced
sale of their property without hope of redemption.

We have examined the charter and its amendments with all
the care which the importance of this question demands, and
have found no provision nor been referred to any which gives
any color of support to this proceeding.

Section 8, Gary's Laws, 179, authorizes the board to com-
prise two or more notices which are required to be published,
in one advertisement, and this authority is carefully guarded
by a proviso. Why so particular in this instance, if the char-
ter contemplated the uniting of several improvements in one

proceeding? Such a joinder renders the application of the statutory principle, respecting the allowance of benefits, impracticable.

The judgment is reversed and the cause remanded.

*Judgment reversed.*