THE PEOPLE *ex rel.* Henry B. Miller, Collector, etc.

*v.*

P. L. SHERMAN *et al.*

1. SPECIAL ASSESSMENTS—*power under the constitution.* The constitution gives the General Assembly express authority to invest the corporate authorities of cities, towns and villages with power to make local improvements by special assessments, or by special taxation of contiguous property, or otherwise.

2. SAME—*for improvements wholly by such assessments.* Under both the constitution and the general law, local improvements may be made wholly or in part by special assessments, as the corporate authorities of the municipality may, by ordinance, prescribe.

3. SAME—*for water works for whole village.* An ordinance for a connected system of water works for the whole village does not provide for but one local improvement, and is not invalid as embracing separate and distinct improvements.

4. SAME—*notice of application for judgment.* A separate notice of application for judgment against property for delinquent special assessments, from that in respect to the general taxes, is not invalid. The notice may embrace both, or separate notices may be given, in the discretion of the collector.

5. SAME—*appearance cures defective notice.* Where parties interested appear and contest an application for judgment against their real estate for special assessments, on the merits, it matters not whether the notice of the application is regular, or whether there was any notice at all.

APPEAL from the County Court of Cook county; the Hon. MARTIN M. R. WALLACE, Judge, presiding.

This was an application by Henry B. Miller, collector of Cook county, for judgment against certain lots and real estate in the village of Hyde Park, for the first ten installments upon a special assessment to lay cast-iron water supply pipes in said village.

The county court refused judgment on the ground that the ordinance under which the assessment was made, was void.

Mr. CONSIDER H. WILLETT, for the appellants.

Mr. J. W. WAUGHOP, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Express authority is given in the constitution to the General Assembly to invest the corporate authorities of cities, towns and villages with power to make local improvements by special assessments, or by special taxation of contiguous property, or otherwise.

A general law has been enacted conferring the powers indicated upon the corporate authorities of cities, towns and villages, to be exercised as shall, by ordinance, be prescribed. Among other provisions, it is declared, in a general law on this subject, " the expenses of locating, erecting and constructing reservoirs and hydrants for the purpose of fire protection, and the expense of constructing and laying water main pipes, or such part thereof as may be just and lawful, may be assessed and collected from the property and real estate specially benefited thereby, if any, in such manner as may be provided for the making of special assessments for other public improvements in such cities, towns and villages." R. S. 1874, p. 251, sec. 5.

An ordinance of the village of Hyde Park provides for laying cast-iron water supply pipes in many of the streets of the village, with intersections and "special connections," and for hydrants, constituting one general system of water works for the use of the inhabitants of the village, and providing that the costs and expenses of such improvement shall be defrayed wholly by a special assessment to be made in accordance with sections 18 to 51, inclusive, in article 9 of the act of the General Assembly in relation to the incorporation of cities and villages. It what particular this ordinance is defective, or in what manner it contravenes any constitutional provision, we are unable to comprehend. It was adopted in pursuance of a general law enacted under powers granted to the General Assembly in the constitution.

One point made is, it contains no provision that any part of the expenses of the improvement is to be charged to the village, but that omission does not invalidate the ordinance.

It is apprehended that, under both the constitution and the general law, local improvements may be made wholly or in part by special assessments, as the corporate authorities of the municipality may, by ordinance, prescribe.    Whether it would have been lawful, under the constitution of 1848, to make local improvements wholly by special assessments, is a question we need not now discuss, and hence the authorities cited on this branch of the case are not in point.

The objection the ordinance does not direct how the pipe shall be laid, "whether on top of the earth, or under, nor how deep," is simply hypercritical, and needs no consideration.

It is contended the ordinance is invalid, under the decision in *Weckler* v. *The City of Chicago*, 61 Ill. 142, for the reason it contemplates the construction of a number of local improvements, extending over the whole village, which can not be grouped together; but this is a misapprehension of the nature and character of the work projected.    Laying of water main pipes in a city or village must, of necessity, to be of any practical utility, be one connected system.    Nothing to the contrary appears on the face of the ordinance, and when objection was taken, proof was offered that it was in fact but one improvement, but it was rejected.

This case is readily distinguishable from *Weckler* v. *The City of Chicago, supra.*    There, the improvements embraced in the ordinance were entirely distinct, and had no necessary connection with each other.    But here, the water mains are all connected, so that the water wanted for domestic and other purposes may make the circuit of the entire system, and were it otherwise, it would be valueless.    It would be the veriest folly to undertake to construct a system of water works under separate ordinances for every street and cross street upon which the mains are to be laid.    The law has required no such useless thing, nor can any decision of this court be found to warrant such an indirect mode of making a local improvement, notwithstanding it may extend over more than one street.

The owners of lands against which judgments were sought for the several installments of special assessments, were present

in the court below, resisting any judgment that might affect them or their property, and, upon the analogies of the law, it would seem they can not be permitted to contest the validity of the notice of the application. The court had jurisdiction of the subject matter, and the owners having submitted to that jurisdiction by contesting upon the merits of their defense, what possible difference could it make whether the notice of the application was regular or irregular, or whether there had been no notice at all. No right would be secured that was not availed of by them. As to any question of costs in the proceeding, that could be contested, whether the notice was regular or not.

But conceding the law is otherwise, that which is said to render the notice invalid is the fact it is a separate notice and application by the county collector, separate and distinct from his application for judgment for State and county taxes, and hence contravenes the provisions of the general Revenue Law. It may be it would be better, and no doubt less expensive, that applications for judgments against delinquent lands for special assessments and State and county taxes, should be by one notice, but we do not understand any provision of law has made it imperative. Authority is conferred upon the county collector to apply for judgment against delinquent lands for special assessments, in like manner as for State and county taxes, but whether it shall be embraced in the notice for judgment for general taxes, the statute is silent, and it must be left to the discretion of the officer acting.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*