FREELOVE M. SMITH *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 21, 1905.*

SPECIAL ASSESSMENTS—*when variance between resolution and ordinance is willful and substantial.* Variance between the resolutions for an improvement, providing that the entire roadway of a certain street, and all street intersections, shall be paved with granite-top macadam, and an ordinance expressly providing that certain of the street intersections shall not be paved, is willful and substantial, within the meaning of section 9 of the Local Improvement act.

APPEAL from the County Court of Cook county; the Hon. C. C. STALEY, Judge, presiding.

BAYLEY & WEBSTER, and ASHCRAFT & ASHCRAFT, (GEORGE A. MASON, of counsel,) for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Objections presented by the appellants to the confirmation of a special assessment levied under an ordinance of the city of Chicago to pay for the improvement of Morse avenue· by paving the avenue with a granite-top macadam pavement from the easterly line of Ridge road to the westerly line of Evanston avenue were overruled and judgments of confirmation entered as prayed.

The first resolution of the board of local improvements, and also the resolution as finally adopted by the board after the public hearing, provided that the entire roadway, and all street intersections of the avenue, should be paved with granite-top macadam paving. The recommendation of the board to the city council for the adoption of an ordinance authorizing the said improvement, the form of the ordinance filed therewith and the ordinance as adopted by the city council provided that the intersection of Morse avenue and North Ashland avenue, and the intersection of Morse avenue and North Clark street, should not be paved. Section 9 of the Local Improvement act provides, if a variance be shown on the proceeding in the court it shall not affect the validity of the proceeding unless the court shall deem the same willful or substantial. If willful or substantial the ordinance can not be upheld. (*Clarke* v. *City of Chicago,* 185 Ill. 354; *Wetmore* v. *City of Chicago,* 206 id. 367.) The change thus attempted to be made in the improvement was not the result of inadvertence, but was designed and intentional. Each of the resolutions of the board in express terms provided that the "roadway of all intersecting streets and alleys should be improved," etc. The recommendation of the board and the ordinance prepared by the board and adopted by the city council in express terms excepted "the intersection of North Ashland avenue with Morse avenue, and except the roadway intersection of North Clark street with Morse avenue," from that portion of the roadway of Morse avenue to be improved. The variance was clearly willful,—that is, intentional.

We think the variance was also substantial and material. The change made reduced the area of the roadway of the avenue which was to be paved, to the extent of the width of the intersecting street and avenue. It does not appear from the record in what manner or whether these intersecting areas, or either of them, are paved. If unpaved, or if paved with other material than with granite-top macadam pavement, the improvement of the avenue would be substantially different from that determined upon by the board after those interested had been heard at the public meeting.

This is not a case where, as counsel for the appellee seem to conceive, the first resolution does not contain a full and complete "description of the improvement," and where the ordinance based upon the resolution does, as it should, fully and completely describe the improvement, and the variance consists only in the more minute description found in the ordinance. We have held it is not essential that the resolution shall prescribe "the description of the improvement," but only the "extent, nature, kind, character and estimated cost." (*Gage* v. *City of Chicago,* 207 Ill. 56.) But in the case at bar the resolution does prescribe the "extent," "nature" and "character" of the improvement, and the ordinance varies from the resolution as to the extent and character of the improvement. The resolution expressly required that the area of all streets and alleys intersecting Morse avenue should be paved, and the recommendation and the ordinance expressly provide that the area of two of such intersections should not be paved.

The judgments of confirmation must be and are reversed and the cause will be remanded for such other and further proceedings as to law and justice shall appertain.

*Reversed and remanded.*