THE CITIZENS' SAVINGS BANK AND TRUST COMPANY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 17, 1905.*

1. DEFAULT—*when refusal to set aside judgment by default is proper.* Refusal to set aside a confirmation judgment entered by default is proper, where there is no showing made that defendants had not been negligent in suffering default and that they had a meritorious defense to the proceeding.

2. CONSTITUTIONAL LAW—*Local Improvement act of 1897 is not unconstitutional.* The Local Improvement act of 1897, so far as it relates to the appointment of a superintendent of special assessments and defines his duties, confers jurisdiction of the proceeding on the county court and provides for notice to property owners by mailing, posting and publication, is not unconstitutional.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

CARL A. ROSS, for appellants.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of confirmation rendered by the county court of Cook county in a proceeding under the Local Improvement act of 1897 to improve Estes avenue, in the city of Chicago, by special assessment.

A judgment by default was entered on April 15, 1904, against the property involved herein, and afterwards the appellants appeared specially and made a number of motions in said proceeding, which, in effect, constituted an application to the court to set aside the default and dismiss the proceeding or permit them to file objections to confirmation. No showing was made in support of such application and the same was denied. As it did not appear, by affidavit or

otherwise, the appellants had not been guilty of negligence in suffering a judgment by default to be entered against their property and that they had a meritorious defense to the proceeding, the court did not err in denying their application to set aside the default and in refusing to dismiss the proceedings or permit them to file objections to confirmation. *Gage v. City of Chicago*, 211 Ill. 109.

It is, however, urged that the judgment of the county court was void, as, it is said, it appears upon the face of the record that the court was without jurisdiction of the parties or the subject matter of the proceeding, and it is contended the appellants had the right at any time to appear and move the court to vacate said default judgment and permit them to defend upon the merits, and that it was error for the court to deny said application. The ground upon which appellants rely to sustain their contention that said judgment was void for want of jurisdiction is, that the Local Improvement act of 1897 is unconstitutional, and three reasons are pointed out to sustain that view: First, that the legislature had no power to provide for the appointment of a superintendent of special assessments, and to authorize such superintendent to apportion the cost of the improvement between the city and the property specially benefited by the improvement and to spread the assessment upon the property benefited by the improvement; second, that the Local Improvement act confers legislative power upon the county court; and third, that the method provided by said act whereby the property owner is notified that an assessment has been spread upon his property and application for judgment of confirmation made, is void.

The method of spreading and collecting special assessments for making local improvements provided for in the Local Improvement act of 1897 is substantially the method which for many years has been and is still in force in this State, and many miles of local improvements, involving the expenditure of many thousands of dollars, have been constructed and paid for under the act of 1897 and previous acts

of the legislature, and the method provided in said statutes has been followed so long and recognized in so many ways as valid by the courts of this State, that the act of 1897 should not be now held unconstitutional unless such result necessarily follows from a correct interpretation of the constitution. The right to spread a special assessment through a commissioner not a member of the city council or board of trustees and the power of the county court to act in special assessment proceedings are fully recognized in *Lake* v. *City of Decatur,* 91 Ill. 596, and it has generally been held that any statutory notice to the property owner which will enable him to appear before some duly constituted tribunal, where he may be heard with reference to the fairness and validity of the assessment before it becomes a fixed and established charge upon his property, is a sufficient notice. (25 Am. & Eng. Ency. of Law,—2d ed.—p. 1216.)

A lengthy discussion of the questions raised upon this record, we think, would serve no useful purpose. Suffice it to say, we are of the opinion the Local Improvement act of 1897, so far as it provides for the appointment of a superintendent of special assessments and defines his duties, confers jurisdiction upon the county court over such proceedings, and provides for notice to the property owner by mailing, posting and publication, is a valid and constitutional law, and that as the appellants concede all the steps pointed out by the statute for the spreading and confirmation of said special assessment were taken, the county court did not err in declining to set aside the default and in refusing to dismiss the proceeding or permit them to file objections to the confirmation of said assessment.

The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*