SAMUEL J. HOWE *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 23, 1906—Rehearing denied Dec. 14, 1906.*

1. SPECIAL ASSESSMENTS—*an affidavit under section 41 need not show a compliance with other sections.* An affidavit showing the giving of the notices required by section 41 of the Local Improvement act is sufficient compliance with such section, and it need not show that sections 39 and 40 of the act were complied with. (*Washington Park Club* v. *Chicago,* 219 Ill. 323, distinguished.)

2. SAME—*what is not a substantial variance between resolution and ordinance.* The fact that the resolution for an improvement fails to except the roadways of existing streets in the matter of putting in curbs and gutters whereas such roadways are excepted by the ordinance does not constitute a substantial variance. (*Smith* v. *Chicago,* 214 Ill. 155, distinguished.)

3. SAME—*effect where resolution fails to expressly except places where curbs exist.* The fact that the ordinance for an improvement excepts places "where concrete curbs now exist" whereas the resolution does not expressly make such exception is not a substantial variance, if it can be seen from the resolution and the engineer's estimate that it was not intended to put in new curbs where the concrete curbs existed.

4. SAME—*what evidence is properly rejected.* On application to confirm a paving assessment, evidence that a prior proceeding for a similar improvement on part of the same street had been abandoned as unreasonable after oral and informal presentment of the matter to the county judge, who was of the opinion the old pavement did not need replacing, and evidence offered for the purpose of showing an agreement between counsel for the city and property owners to put on a top dressing on the old pavement, is properly rejected.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the county court of
Cook county confirming a special assessment for the curb-
ing and paving of Berkeley avenue, in the city of Chicago,
from Forty-third street to Bowen avenue. The appellants
own property abutting on Berkeley avenue between Forty-
second street and Bowen avenue. They appeared and filed
objections to the confirmation of the assessment, which, up-
on a hearing, were overruled, judgment was entered, and the
objectors appealed to this court.

It is first urged by appellants that section 41 of the Local
Improvement act (being section 547 of chapter 24, Hurd's
Revised Statutes of 1903,) was not complied with in respect
to filing the affidavits required by that section, and in this
regard it is said that the language of that section, to the ef-
fect that "an affidavit shall be filed before the final hearing
showing a compliance with the requirements of this section,"
means that the affidavit must show compliance with sections
39 and 40 of the act as well as with section 41.

We think the language used, viz., "requirements of this
section," refers only to the giving of the notices provided
for in section 41 thereof. An affidavit showing full compli-
ance with the section in that regard was filed by the superin-
tendent of special assessments in this cause within the time
fixed by the section.

In addition to the affidavit just mentioned, section 41 re-
quires an affidavit by the officer making the assessment roll,
stating "that he verily believes that the amounts assessed
against the public and each parcel of property are just and
equitable, and do not exceed the benefit which will in each
case be derived from said improvement, and that no lot,
block, tract or parcel of land has been assessed more than its
proportionate share of the cost of said improvement," and
an affidavit by that officer, or some one acting under his di-
rection, showing that affiant "made a careful examination of

the collector's books showing the payments of general taxes during the last preceding year in which the taxes were paid thereon, to ascertain the person or persons who last paid the taxes on said respective parcels, and a diligent search for their residences, and that the report correctly states the same as ascertained by the affiant." Affidavits following the language of the statute as above quoted, made by the proper persons, were filed in this cause before the final hearing.

The views herein expressed are not in conflict with what was said in *Washington Park Club* v. *City of Chicago,* 219 Ill. 323. In that case some attempt had been made to comply with section 41, and upon objection being made that the affidavit of compliance was insufficient, leave was given to file an amended affidavit, and the objection was renewed and overruled by the county court, and upon a review of that judgment we held that the affidavit as amended was a full compliance with the requirements of section 41. There is no expression of opinion as to the sufficiency of the affidavit before it was amended. The affidavit is not set out in the opinion, either in its original or amended form, so we have no means of determining whether, in either form, it was like the affidavit in the case at bar. In our opinion the affidavits in this record show a compliance with section 41, and that the first contention of appellants cannot be sustained.

It is next urged that there is a variance between the first resolution of the board of local improvements and the ordinance as to the extent and character of the improvement. The first resolution provides, "that the roadway of Berkeley avenue between Forty-third street and Bowen avenue, and also the roadways of all intersecting streets and alleys extended from the curb line to the street line produced on each side of Berkeley avenue between said points, be improved by adjusting sewers, catch basins and man-holes, constructing granite concrete gutters, and a granite concrete combined curb and gutter, on cinders," and grading and paving, etc., while the

224—7

ordinance provided that "a granite concrete combined curb and gutter shall be constructed on each side of the roadway of said Berkeley avenue between said points (except where concrete curbs now exist and except across the roadways of all intersecting streets and alleys between said points.)" The alleged variance pointed out is, that the resolution extends the curbs and gutters the entire length of the roadway between the termini, while the ordinance excepts those portions where curbs now exist as well as the roadway of all intersecting streets and alleys.

It is contended that the alleged variance exists, and that it is willful and substantial, within the meaning of section 9 of the Local Improvement act, (Hurd's Stat. 1905, chap. 24, p. 407,) and for that reason the proceedings should be held illegal and void. In support of this contention appellants rely on the case of *Smith* v. *City of Chicago,* 214 Ill. 155. In the *Smith case* the proposed improvement was the paving of Morse avenue with a granite-top macadam pavement. The resolution provided for paving the entire roadway, while the ordinance adopted excepted the intersections of Morse avenue with Ashland avenue and also with North Clark street. We held that there was a variance, both willful and substantial, between the resolution and the ordinance. The difference between paving the entire roadway of a street and paving a street except at the intersections with other streets is apparent to anyone, and such a variance could not be otherwise than willful and substantial.

The holding in the *Smith case* is undoubtedly correct, but does it apply to the facts in this record? We think not. First, the alleged variance in the resolution and the ordinance in the case at bar relates to the gutters, and not to the paving. In the resolution the improvement is described in substantially the same language that is used in the ordinance. The ordinance excepts those portions where curbs now exist and all intersections with other streets. No one reading the resolution would understand that gutters were to be placed

across intersecting streets.   The estimate of the engineer accompanying the resolution shows, at least by fair implication, that there is 1304 lineal feet of the distance along the proposed improvement where a curb is already in, but no gutter.   The granite concrete gutter is to be placed where the curb is already in, and where there is neither curb nor gutter 709 lineal feet of the granite concrete combined curb and gutter is to be put in.   This, it seems to us, is the clear meaning of the resolution when read in the light of the other proceedings,—and the ordinance means the same in substance.  It is well known that in modern street making, curbing and gutters are not extended across intersecting streets, and no intelligent person reading the resolution and ordinance could possibly be led to the conclusion that there were two different schemes for the improvement embodied in these documents.   This case is clearly distinguishable from the *Smith case*.   While a variance that is willful or substantial is sufficient to set aside the proceedings, still it is not every subtle distinction in words that ingenious counsel can detect that is such a willful and substantial variance.   The statute should not be subjected to a construction so refined that its practical administration will be rendered impossible. We are of the opinion that the alleged variance is neither willful nor substantial within the meaning of the statute, and that there was no error in overruling the objection based thereon.  A substantial compliance with the statute is shown, and that is all that is required. *People ex rel.* v. *Sherman,* 83 Ill. 165; *Pearce* v. *Village of Hyde Park,* 126 id. 287; *Gage* v. *City of Chicago,* 143 id. 157; *Vane* v. *City of Evanston,* 150 id. 616; *Parker* v. *Village of LaGrange,* 171 id. 344; *Gray* v. *Town of Cicero,* 177 id. 459; *Village of Hinsdale* v. *Shannon,* 182 id. 312.

It is also urged that the improvement is unreasonable for the reason that the evidence shows that the pavement of Berkeley avenue between Forty-second street and Bowen avenue is in good condition and that a new pavement is not

needed there. A careful consideration of the evidence bearing upon this point leads us to the conclusion that there was no abuse of the discretion vested in the board of local improvements in deciding to make this improvement on Berkeley avenue, and that the passage of the ordinance by the city council for that purpose, based upon the recommendation of the board, was a proper exercise of the powers conferred upon municipal corporations in respect to making local improvements by special assessments upon contiguous property. *Fagan* v. *City of Chicago,* 84 Ill. 227; *English* v. *City of Danville,* 150 id. 92; *Vane* v. *City of Evanston, supra; City of Chicago* v. *Wilson,* 195 Ill. 19; *Ton* v. *City of Chicago,* 216 id. 331.

Appellants complain of the rejection of certain evidence offered in the county court for the purpose of showing that prior to the inauguration of the present proceeding a proposed improvement of the same character, covering the portion of the avenue here involved, had been abandoned for the reason that the judge of the county court, upon the matter being orally and informally presented to him, was of the opinion that the old pavement was in such a state of repair that it would be unreasonable to replace it with a new pavement, and for the purpose of showing an agreement made prior to the beginning of this proceeding by counsel for the city and the property owners to the effect that the old pavement should have a top dressing placed thereon and that a new pavement should not be constructed. The evidence was incompetent, and the court did not err in refusing to consider it.

The judgment of the county court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.