HENRY H. GAGE

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1906—Rehearing denied Feb. 8, 1907.*

1. SPECIAL ASSESSMENTS—*when engineer's estimate is not defective.* Using the words "all other expenses" instead of "all lawful expenses" does not subject engineer's estimate to the objection that items of expense payable only out of the general funds of the city had been included in the estimate, where the items specified in the estimate and which make up the total amount of the estimated cost are all lawful expenses.

2. SAME—*provisions of Improvement act relating to notice are not unconstitutional.* The provisions of the Local Improvement act relating to notice are not unconstitutional, as not expressly providing for notice to the "owner" of the property assessed.

3. SAME—*effect of failure of ordinance to specifically give the height of curb at alley intersections.* Failure of a paving ordinance to specifically fix the height of the curb at the alley intersections is not fatal to the assessment, where such height sufficiently appears from a consideration of all the provisions of the ordinance relating to the description and construction of the curb.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

F. W. BECKER, for appellant.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an appeal from a judgment of confirmation of a special assessment for the improvement of West Fifteenth street, in the city of Chicago. The ordinance provided for the paving of the roadway of said street thirty feet in width between certain points mentioned; also the roadways of all intersecting streets and alleys extended from the curb line

to the street line produced, except as in said ordinance specifically provided. The ordinance provided for a granite concrete combined curb and gutter to be constructed on each side of the roadway except at street and alley intersections, and for a curb and gutter on each side of the roadways of all intersecting streets and alleys extended from the curb line to the street line produced, except certain intersections named, in such manner that the roadway face of the curb should conform with the curb line on each side of the intersecting streets and the back of the curb line with the alley lines produced.

The first objection is, that the height of the curb at the alley intersections is not fixed by the ordinance. No objection is made to the description of the curb provided for Fifteenth street and the intersection of the streets. It is true, the ordinance does not specifically provide what the height of the curb shall be at the alley intersections, but it does provide that the surface of the finished pavement in all intersecting alleys shall be four inches below the top of the curb on each side of the alley intersections at the street line of said West Fifteenth street, and shall slope thence at a uniform grade to its intersection with the gutter of said Fifteenth street. We are of opinion that notwithstanding the ordinance might have been made more specific in the respect complained of, when all its provisions relating to the description and construction of the curb are considered together it is sufficiently definite, and the court did not err in overruling the objection to it on that account. *Chicago Union Traction Co.* v. *City of Chicago,* 207 Ill. 544.

It is next objected that there is a variance between the first resolution of the board of local improvements and the ordinance as to the extent of the improvement. The resolution provides for the improvement of West Fifteenth street between certain points mentioned, "and the roadways of all inersecting streets and alleys extended from the curb line to the street line produced, on each side of said West Fif-

teenth street," among other things, by constructing a granite concrete combined curb and gutter on each side of the roadway. The ordinance provides for the construction of the curb and gutter on each side of the roadway except across the roadways of intersecting streets and alleys. This precise question was before this court in *Lyman* v. *Town of Cicero,* 222 Ill. 379, and it was there held that this did not constitute a variance.

The estimate of the engineer of the cost of the improvement, after describing the location and character of the proposed improvement, concluded:

"Including labor, materials and all other expenses attending the same, viz.:

### ESTIMATE.

| | |
|---|---:|
| Granite concrete combined curb and gutter on cinders, 7300 lineal ft., at 70 cents | $5,110.00 |
| Paving with asphalt on six inches of Portland cement concrete, swept with natural hydraulic cement, 11,600 sq. yds. at $2.50 | 29,000.00 |
| Adjustment of sewers, catch-basins and man-holes, and constructing four new catch-basins | 1,390.00 |
| Total | $35,500.00 |

C. D. HILL, *Engineer.*"

It is contended "and all other expenses attending the same" is broad enough to include expenses required by section 94 of the Local Improvement act to be paid by the city out of its general fund. Section 10 of the act requires the engineer to certify that in his opinion the estimate does not exceed the probable cost of the improvement proposed, "and the lawful expenses attending the same." Here the engineer's certificate uses the expression "all other expenses" instead of the "lawful expenses" attending the same, yet the items contained in the certificate that make up the total estimate show conclusively that there is not included in the estimate any costs or expenses not proper to be included therein. The objection on this ground was therefore not well taken.

The fourth and last objection of appellant is, that the provisions of the Local Improvement act relating to notice

are unconstitutional, because, it is claimed, they do not provide for notice to the owner of property assessed. This question was decided contrary to appellant's contention in *Citizens' Savings Bank* v. *City of Chicago,* 215 Ill. 174.

The county court did not err in overruling appellant's objections and rendering judgment of confirmation, and its judgment is affirmed.                    *Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.