## A. B. McChesney

*v.*

## The City of Chicago.

*Opinion filed April 18, 1907—Rehearing denied June 11, 1907.*

1. Special assessments—*improvement board may disregard its stay order.* The board of local improvements has the same right to rescind a stay order as to make it, and if it proceeds with a paving improvement after previously entering an order staying the improvement for certain sewer work, its action must be regarded as a rescission of the stay order.

2. Other questions herein raised are controlled by the decisions in *Howe* v. *City of Chicago,* 224 Ill. 95, and *Gage* v. *City of Chicago,* 225 id. 135.

Appeal from the County Court of Cook county; the Hon. W. L. Pond, Judge, presiding.

MacChesney & Bradley, and F. W. Becker, for appellant.

Charles H. Mitchell, and Frank Johnston, Jr., (James Hamilton Lewis, Corporation Counsel, of counsel,) for appellee.

Mr. Justice Vickers delivered the opinion of the court:

This appeal is from a judgment of the county court of Cook county confirming a special assessment for curbing, grading and paving Sixty-first street, in the city of Chicago.

Appellant, McChesney, filed the following objections: (1) That the ordinance is incomplete, informal and otherwise invalid; (2) that said ordinance does not specify the nature, character, locality and description of the proposed improvement; (3) that the estimate of the cost of said improvement is void; (4) that no sufficient itemized estimate of the cost of said improvement was made by the engineer prior to the passage of the ordinance herein; (5) that a stay order was entered by the board of local improvements

December 7, 1904, that the proceedings herein be stayed until the sewer system in Sixty-second street was put in, and said system is not yet put in; (6) that the act under which said proceedings are instituted is unconstitutional, in that it provides for no notice to the owner of the property assessed, and a judgment and order of sale herein, if executed, would deprive the objector of his property without due process of law, contrary to section 2 of article 2 of the constitution of this State; that there is a variance between the first resolution and the ordinance. All of these objections were overruled. The appellant excepted, and by his appeal has brought the record to this court for review.

Nothing is urged under objection No. 1.

Appellant argues that there was a variance between the first resolution and the ordinance as to the extent of the improvement, and relies on *Smith* v. *City of Chicago,* 214 Ill. 155. This identical question was before this court in *Howe* v. *City of Chicago,* 224 Ill. 95, and there, as here, the *Smith case* was relied upon in support of the objection. The *Smith case* is distinguishable from the case at bar for the reasons given by us in the *Howe case,* which need not be again repeated.

The third objection, that the estimate of the cost of the said improvement is void because it includes "labor, material and other expenses attending the improvement," was overruled in *Gage* v. *City of Chicago,* 225 Ill. 135, where the certificate of the engineer contained the identical words upon which this objection is based. That case is conclusive against appellant's contention on this point.

The fourth objection is not argued by appellant in his brief, and is therefore waived.

The fifth objection, that a stay order was entered by the board of local improvements December 7, 1904, until the sewer system in Sixty-second street was put in, and that said sewer system had not been put in at the date of the application, cannot be sustained. In fact, it is difficult to

understand just what appellant's real contention on this point is. In his brief he says: "As the order was in conformity with this general policy of the city, (a policy obligatory upon it and its officers,) it ought to have been enforced by the court by staying these proceedings until the underground work was in. Not only the general policy of the city, but good faith with property owners required that the order be respected, for it is apparent that if the pavement is put down and afterwards torn up for sewer and water pipes it will be ruined, and property owners will soon again be assessed for a new pavement." The order which appellant insists should have been enforced by staying the proceedings was an order relating to the sewer system in Sixty-second street. No order appears to have been made to stay the proceedings until the underground work was put in in Sixty-first street. In fact, it is not shown that the sewers were not all completed in Sixty-first street, and since the ordinances of the city seem to require that the underground work shall be done first, in the absence of proof it must be presumed that the ordinance was observed. It is difficult to understand how the laying of sewers in Sixty-second street will disturb the pavement in Sixty-first street, and yet counsel for appellant seem to say that a failure to observe the order staying the proceedings relating to the improvement of Sixty-first street is likely to result in a disturbance of the pavement to be laid when the sewer system and water pipes are laid in Sixty-second street. The argument has no reasonable basis to rest upon. The board of local improvements had the same right to rescind the stay order that it had to make it, and proceeding with the improvement in disregard of the order was, in effect, a rescission of it. We know of no law that will prevent the board of local improvements from changing its mind. There are certainly no elements of an estoppel here.

The sixth and last objection of appellant questions the constitutionality of certain sections of the Local Improve-

ment act. This objection is not tenable. The constitutional question raised here has been determined adversely to the contention of appellant in *Citizens' Savings Bank* v. *City of Chicago,* 215 Ill. 174, and *Gage* v. *City of Chicago, supra.*

The judgment of the county court of Cook county will be affirmed.                                             *Judgment affirmed.*