(No. 11041.)

THE CITY OF HIGHLAND PARK, Appellant, *vs.* E. S. GAIL *et al.* Appellees.

*Opinion filed December 21, 1916.*

1. SPECIAL ASSESSMENTS—*sustaining one vital objection to confirmation of an assessment makes it unnecessary to consider others.* Section 48 of the Local Improvement act, making it the duty of the court, on the hearing of objections to the confirmation of an assessment, to pass on all questions except those submitted to the jury, does not mean that if the trial court finds one fatal objection it must nevertheless pass on all other objections raised, and the court owes no duty to the city authorities to determine the merits of the other objections.

2. SAME—*substantial component elements must be separately itemized.* The engineer's estimate must give property owners a general idea of the estimated cost of the substantial component elements of the proposed improvement, and for this purpose the substantial component elements must be separately itemized and the cost of each set forth in the estimate; but it is not necessary for the estimate to contain a complete inventory of every article that is to enter into the construction of the improvement.

3. SAME—*the cost of coating for surface of concrete pavement should be itemized separately.* Where a paving ordinance provides for a seal coating of asphaltic cement to be spread over the surface of a concrete pavement, but the estimate does not show to the ordinary property owner whether the cost of such coating is included as part of the cost of the wearing surface or otherwise, even though the estimate is read in connection with the ordinance, there is a variance between the ordinance and the estimate, and as the seal coating is a substantial component part of the improvement its cost should be itemized separately.

4. SAME—*estimate and ordinance must not vary substantially.* A substantial variance between the engineer's estimate and the ordinance for the proposed improvement will defeat the confirmation of the assessment.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

SAMUEL S. HOLMES, for appellant.

E. S. GAIL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, the city of Highland Park, instituted proceedings in the county court of Lake county for the purpose of confirming a special assessment for paving and improving certain portions of Judson avenue and other streets in said city. The legal objections filed by appellees were sustained and judgment of confirmation refused. From that judgment this appeal was perfected.

Forty-four legal objections of the eighty filed by appellees were relied on by their counsel in the hearing in the trial court. That court sustained the objection that the estimate of the improvement was not sufficiently itemized. There is a dispute as to whether the other legal objections insisted on in the trial were passed on.

Counsel for the appellant earnestly argues that the trial court should not only have passed on the objection that the estimate was not sufficiently itemized, but on all other objections relied on by appellees, basing that argument mainly upon the provision of section 48 of the Local Improvement act which provides that upon the hearing on legal objections "the court shall determine all questions relating to the sufficiency of the proceedings, * * * together with all other questions arising in such proceeding," with the exception of the objections that the property is assessed more than it is benefited or more than its proportionate share of the cost of the improvement, which are to be left to the jury. This argument is without merit. This provision of the statute plainly means that it is the duty of the court, and not the jury, to pass on all questions except those submitted to the jury, but it was certainly never intended that if the trial court found one fatal objection it should be compelled to pass on several score of other objections that might be raised by the property owners. The sustaining of one objection that is vital to the proceedings renders it unnecessary to pass on the other objections, either in this or in the trial court.

The argument of counsel for appellant that the court owes a duty to the city authorities to let them know whether there is any merit in the other objections is certainly groundless. The courts of this State are not called upon to decide moot questions. They are now overburdened with work, and to lay down any rule that would require the trial court or courts of review to decide all questions in the case, regardless of whether or not they were necessary to a decision of the individual case, would greatly add to the work of the courts, already overcrowded with cases, and would be against sound public policy.

This conclusion makes it unnecessary for us to consider or decide whether the bill of exceptions or the record proper should control as to the form of the order that was entered in sustaining the legal objections, it being conceded by counsel for appellant that the court did enter an order sustaining the objection that the estimate for the improvement was not sufficiently itemized.

The estimated cost of putting down the concrete pavement in the street in question was $64,110. The pavement in question was to have a bituminous concrete surface. The estimate as to this bituminous surface provides as follows: "18,800 sq. yds. two (2) inch thick bituminous concrete wearing surface (machine mixed) 18 ft. wide, upon a five (5) inch thick concrete foundation 19 ft. wide, (except pavement width to vary at street intersections and turn-arounds,) composed of one (1) part Portland cement, two and one-half (2½) parts sand and five (5) parts of stone, the outer six inches of foundation to have a curb edge 6 in. high and 4 in. wide on top, composed of one part Portland cement, two (2) parts sand and three and one-half (3½) parts stone; all laid in place complete (measured from outside to outside of curb) at $1.70 per sq. yd., $31,960." The ordinance provides as to this part of the pavement, in part, as follows:

"*Wearing surface*—Upon the foundation prepared as herein provided shall be laid a two (2) inch thick bituminous concrete wearing surface, (including a seal coat,) composed of a mineral aggregate consisting of a mixture of selected hard crushed stone, sand and mineral dust, mixed with asphaltic cement."

The ordinance then goes on for some four pages of print specifying in detail the quality of materials and the method of work in putting down the main part of the bituminous concrete wearing surface, and then continues:

"*Seal coat*—As soon as possible after rolling, and while the surface is fresh, clean and warm, a skim coat of pure asphaltic cement shall be poured on at a temperature of not less than two hundred and fifty (250) degrees Fahrenheit and evenly spread over the surface with rubber squegees. Over this a top dressing of dry granite chips or clean, hard roofing gravel of such sizes as will pass a one-half (½) inch screen mesh and of which not less than seventy (70) per cent will pass a screen having one-fourth (¼) inch meshes, shall be immediately spread and rolled. All of said stone dressing shall be used that can be rolled into the surface and leave a small surplus, which shall be left to be worn away by traffic."

The trial court held that the seal coat was a separate component part of the cost of the improvement and should have been itemized separately.

Counsel for appellant admits that the estimate did not in specific terms include the seal coat of the surface, but contends that from reading the estimate, in connection with the ordinance, anyone familiar with this class of work would understand from the estimate that the seal coat was included therein. This court has repeatedly held that the estimate for a special assessment improvement is itemized sufficiently if it gives to the property owners a general idea of the estimated cost of the substantial component elements of the improvement. (*Hulbert* v. *City of Chicago,* 213 Ill.

452; *Chicago and Western Indiana Railroad Co.* v. *City of Chicago,* 230 id. 9; *Clark* v. *City of Chicago,* 214 id. 318.) It has also been held that it is not necessary for the estimate to contain a complete inventory of every article that is to enter into the construction of the improvement. All that is necessary is that the substantial component elements are separately itemized and the cost of each set forth in the estimate. (*City of East St. Louis* v. *Davis,* 233 Ill. 553; *Village of Donovan* v. *Donovan,* 236 id. 636; *City of Chicago* v. *Underwood,* 258 id. 116; *Doran* v. *City of Murphysboro,* 225 id. 514.) The estimate, however, is defective if it does not estimate separately a substantial component element of the pavement. (*Bickerdike* v. *City of Chicago,* 203 Ill. 636; *Lyman* v. *Town of Cicero,* 222 id. 379; *City of Waukegan* v. *Wetzel,* 261 id. 498; *City of Hoopeston* v. *Smith,* 272 id. 604.) A substantial variance between the estimate and the ordinance will defeat the confirmation of the assessment. (*Smith* v. *City of Chicago,* 214 Ill. 155; *Gardner* v. *City of Chicago,* 224 id. 254; *Wetmore* v. *City of Chicago,* 206 id. 367; *City of Chicago Heights* v. *Angus,* 267 id. 628.) The ordinary layman could not understand from this estimate whether it was intended to include the seal coat or not. The only testimony on this question is that of Charles E. Russell, city engineer of appellant. He stated, in answer to a question by the trial court, that the seal coat in question would cost approximately ten per cent as much as the two-inch bituminous concrete wearing surface would cost. This was the only testimony on this question. Judged by this testimony, the cost of the seal coat could readily be estimated separately from the cost of the two-inch bituminous concrete wearing surface and was not necessarily a part thereof. No attempt was made by the city authorities to prove that persons familiar with this line of work would consider that the estimate here in question included the cost of the seal coat, or that the seal coat would be required on the surface of the concrete wearing surface,

from reading the estimate alone. The property owner certainly would not understand, even when reading the estimate in connection with the ordinance, that the cost of the seal coat was included in and estimated as a part of the cost of the wearing surface.

Under the reasoning of the decisions heretofore cited, on this record the objection that the estimate was not sufficiently itemized, and that therefore there was a variance between the ordinance and the estimate in this regard, was properly sustained.

The judgment of the county court will be affirmed.

*Judgment affirmed.*